EASTERN DIST.
January, 1832.

BENOIT *vs.* BENOIT'S HEIRS.

BENOIT
*vs.*
BENOIT'S HEIRS.

APPEAL FROM THE COURT OF THE FOURTH DISTRICT, THE JUDGE OF THE THIRD PRESIDING.

Where there is no property of an estate on which the Court of Probates can act, a suit to set aside a conveyance made to the ancestor by one of the heirs, must be instituted in the courts of ordinary jurisdiction.

*Labauve,* for appellant.

The facts are stated in the opinion of the court, delivered by *Porter, J.*

A case in all respects similar to the present, except that it was instituted in the Probate Court, was brought before us at the April term of 1830. That tribunal sustained a plea to its jurisdiction, and its decision was confirmed here. The plaintiffs then commenced this action in the District Court, and the defendants denied its right to take cognizance of the case. The district judge sustained the objection, and the plaintiff appealed.

The suit is brought by the daughter of one Daniel Benoit, deceased, to recover from the children of a daughter by a second marriage, certain moneys and effects which it is alleged belonged to her father at the dissolution of the last marriage, and which were through error or otherwise set apart for the petitioner's half sister, and partaken by her on a division of the estate as belonging to her mother.

It is further alleged that the father made a fraudulent and simulated sale, by which the sister of the petitioner acquired a slave without giving any consideration therefor.

There is a prayer that the settlement and partition made at the dissolution of the second marriage, be annulled and set aside—for general relief—and that the plaintiff may have judgment against the defendants, for two thousand nine hundred dollars with interest.

We think the court below erred. The petition contains an allegation that the ancestor died without property, and the object of the suit is to set aside a conveyance alleged to be

EASTERN DIST.
January, 1832.

fraudulent, and to recover money received by an indirect donation. Where it is necessary to the settlement of an estate of which the Court of Probates has jurisdiction, that tribunal might take cognizance perhaps of such matters as are alleged in the present petition. But in the instance before us, there is nothing for that court to act on. The suit is not to divide property which both claim from the same ancestor, but to recover that which the plaintiff alleges the defendants hold by an adverse, but illegal title. 5 *Martin,* N. S. 218. 6 *ibid,* 640.

In the view we have taken of the case, the proceedings in the Court of Probates, by which the property was divided between the father of the plaintiff and the defendants' mother, do not at all affect the question of jurisdiction.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed : And it is further ordered, adjudged and decreed, that this case be remanded to the said court with directions to the judge not to sustain the plea which declines the jurisdiction of the Court : And it is further ordered, that the appellees pay the costs of this appeal.