**BENOIT *vs.* BENOIT'S HEIRS.**

*APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, THE JUDGE
THEREOF PRESIDING.*

Where a common ancestor was owner, in his own right, of a tract of land,
*before* his second marriage, part of which he sold *during* his second
marriage, for two thousand dollars, which was unpaid at the death of
his second wife; and in the settlement of the community, it was
included in the mass, instead of being reserved as the sole property of
the husband, and which was partitioned in the Probate Court, among all
the children : *Held*, that the child of the first marriage, in an action in
the District Court, can compel the children of the second, to collate and
pay over the difference to which she would be entitled on a legal
partition, so as to allow her a share equal to one-half of the separate
property of the common ancestor.

The law contemplates perfect equality among co-heirs, and each one is
bound to collate the advantages derived from the ancestor to whose
succession he is called.

Collation is an incident of the action of partition; but the obligation to
collate, cannot be destroyed by the fact that the ancestor had given away
every thing, in his life-time, to one of his children, to the exclusion of the
others.

An heir who was not a party to the proceedings in the Probate Court, in
the settlement of a succession in which she is interested, and her rights
compromited, is not bound by them, and may maintain a separate action
against her co-heirs, to recover her lost rights.

This is an action by the plaintiff, who is the only daughter
of Daniel Benoit, deceased, by his first marriage, against the
defendants, who are children of the second marriage, to
recover from them the sum of two thousand nine hundred
dollars, which she alleges they received over and above their
legal share of the estate of the common ancestor, in the
settlement of. the succession of the wife of the second
marriage.

The plaintiff shows that her father, *previous* to his second marriage, was owner of a tract of land in the parish of West Baton Rouge, part of which he sold *during* his second marriage, for two thousand dollars, which was unpaid at the death of the second wife, and was brought into the succession, and partitioned out among the children of the second marriage, by which the plaintiff, who was entitled to one-half of it at the death of her father, was deprived of her share. She claims the value of some other property, in the same situation, and also a slave, which she alleges was fraudulently sold to her half sister.

This case has been before this court, on a former appeal, in which the facts are fully stated. 3 *Louisiana Reports*, 223.

The plaintiff obtained a judgment for eleven hundred and twenty-five dollars, and rejecting her claim to the slave, which was not proved. The defendants appealed.

*Labauve*, for the plaintiff, insisted that the judgment should be corrected in favor of the plaintiff, so as to allow one-half of the value of the slave; and that it be affirmed in all other respects.

2. Interest, at the rate of ten per cent. on the amount of her claim, should have been allowed from the death of her father; or, at least, five per cent. per annum, from that period. *Louisiana Code*, 1356. *Code of Practice*, 989.

*Davis, contra*, contended that this case properly belonged to the Court of Probates, at least for all the claim except that for the slave. The principal demand grows out of the partition and settlement in the Probate Court, complained of, and is purely a question of collation.

2. This is, in fact, a suit to annul a former judgment of the Probate Court, decreeing to the father of the plaintiff, at the price of estimation, all the property in his possession for four thousand nine hundred and eight dollars. Such a proceeding cannot be had in the District Court; it can only be done before the tribunal whose judgment is sought to be annulled.

EASTERN DIST.
April, 1835.

BENOIT
vs.
BENOIT'S HEIRS.

Where a common ancestor was owner in his own right, of a tract of land before his second marriage, part of which he sold during his second marriage for two thousand dollars, which was unpaid at the death of his second wife, and in the settlement of the community, it was included in the mass, instead of being reserved as the sole property of the husband, and which was partitioned in the Probate Court among all the children: Held, that the child of the first marriage, in an action in the District Court, can compel the children of the second, to collate and pay over the difference to which she would be entitled on a legal partition, so as to allow a share equal to one-half of the separate property of the common ancestor.

The law contemplates perfect equality among co-heirs, and each one is bound to collate the advantages

3. The petition states that Irene Benoit, the mother of the defendants, and half sister of the plaintiff by the second marriage, died before their common ancestor or father ; and in such a case the present defendants are not bound to collate gifts made to their mother. *Louisiana Code, article* 1318.

4. It is alleged the mother of the defendants took under the partition and settlement of the succession of the wife of the second marriage more than was due, not more than was decreed to her. This partition was made in 1820; the defendants, therefore, oppose to the plaintiff's claim, the prescription of five and ten years. *Louisiana Code, articles 3507, 3508.*

*Bullard, J.,* delivered the opinion of the court.

This case was before the court at the January term, 1832, on a plea to the jurisdiction of the District Court. The opinion then delivered, contains a sufficient statement of the allegations, on the part of the plaintiff. See 3 *Louisiana Reports,* 223. On the subsequent trial upon the merits, judgment was rendered in favor of the plaintiff, for a part of her demand, and the defendants appealed.

It is shown beyond doubt, that Daniel Benoit, the common ancestor of the parties, was owner in his own right, before his second marriage, of a tract of land of about two hundred and fifty-five arpents. During his second marriage, he sold a part of the land, for two thousand dollars, which was unpaid at the death of his second wife, and which in the settlement of the second community, went into the mass, instead of being reserved as the sole property of the husband. On his death the plaintiff would have been entitled to one-half. The child of the second marriage, by these indirect means, certainly received a greater share than she was entitled to. The law contemplates a perfect equality among co-heirs, and each one is bound to collate either really or fictitiously the advantages derived from the ancestor to whose succession he is called. It is not pretended that Daniel Benoit, left any property to be partitioned among his heirs. Collation, it is true, is an incident of the action of partition, but the obligation to collate cannot be destroyed by the fact, that the ancestor had given

away every thing in his life-time for the benefit-of one of his children to the exclusion of the others.

In addition to the plea to the jurisdiction of the District Court, which has already been disposed of, the defendant set up the prescription of five and of ten years. The right of the plaintiff did not attach until her father's death, December 14th, 1825, and this suit was commenced by service of citation on the 15th October, 1830. Independently of other suits, previously brought and dismissed by the court in which they were instituted, it is clear there can be no ground for the plea of prescription, the present suit having been commenced within the five years after the death of Benoit, the father.

It is further urged, that the proceedings of the Probate Court, in relation to the settlement of the second community, must remain obligatory until set aside by direct action. It appears to us a sufficient answer to this objection, that the present plaintiff was a stranger to those proceedings. They were as to her *res inter alios acta.*

The appellee complains of the judgment below, 1st. because the court did not allow her one-half the value of the slave Tom, and 2d. because no interest was allowed her.

We are of opinion, that the evidence in the case did not authorise a judgment for half the value of Tom, and the amount sued for was not liquidated, the plaintiff was not entitled to interest, from judicial demand.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

Eastern Dist.
*April,* 1835.

BENOIT
*vs.*
BENOIT'S HEIRS.

derived from the ancestor to whose succession he is called. Collation is an incident of the action of partition; but the obligation to collate, cannot be destroyed by the fact that the ancestor had given away every thing in his life-time to one of his children to the exclusion of the others.

An heir who was not a party to the proceedings in the Probate Court, in the settlement of a succession in which she is interested, and her right compromited, is not bound by them, and may maintain a separate action against her co-heirs to recover her lost rights.