## SUCCESSION OF MRS. SIMON CUCULLU—On an opposition of S. CUCULLU.

An heir who has taken the benefit of the Bankrupt Act is not thereby discharged from his obligation to collate the advances received by him.

APPEAL from the Second District Court of New Orleans, *Lee,* J. *Duvigneaud,* for the executors. *Collins,* for opponent and appellant.

VOORHIES, J. The account or settlement filed in this case, is opposed by *Seraphini Cucullu,* one of the forced heirs of the testatrix, who is sought to be

made, liable to the extent of his share for advances made to him by his father, Simon Cucullu.

He is appellant from the judgment dismissing his opposition.

The evidence shows : by an authentic act, dated the 24th of May, 1852, the appellant acknowledged the receipt of $33,091 97, as advances from his father, Simon Cucullu, which he obligated himself to reimburse as soon as his affairs would enable him to do so : "Aussitôt que ses affaires le mettront à même de le faire :" otherwise, to collate the same in the successions of his father and mother. In the settlement of the succession of Simon Cucullu, deceased, made between his widow and heirs on the 15th of May, 1840, the appellant is debited with the sum of $65,483 83, and credited with the sum of $13,878 12⅛, as the amount of his hereditary share, which left a balance due by him of $51,878 70⅜. We would infer from the statement of this debt in the settlement, that it was contracted anterior to the sale of the effects of the community. It was excluded from the settlement or partition, and reserved, with other assets, for future adjustment. As a debt due to the community, it is clear that the surviving partner was entitled to one-half thereof.

But it is urged by the appellant that he is released from the obligation of collating by virtue of a discharge and certificate obtained by him on the 11th of October, 1842, under the act of Congress entitled, "An Act to establish a uniform system of bankruptcy throughout the United States," approved 19th August, 1841. The provisions of that Act extend to all debts of the insolvent existing at the time of the discharge. Were we to hold that the obligation of the appellant came within the provisions of that Act, it would, in our opinion, be subversive of the principle consecrated in our Code, that "the obligaton of collating is founded on the equality which must be naturally observed between children and other lawful descendants, who divide among them the succession of their father, mother, and other ascendants; and would besides be in violation of the law securing the rights of forced heirs to the legitime. Art. 1307, 1480 et seq. The 1305th article of our Code declares : "The collation of goods is the supposed or real return to the mass of the succession, which an heir makes of property which he received in advance of his share or otherwise, in order that such property may be divided together with the other effects of the succession." "The collation is made by taking less, when the donee diminishes the portion he inherits, in proportion to the value of the object he has received, and takes so much less from the surplus of the effects of the succession." Art. 1331, C. C. Thus it is obvious from these articles, that the appellant's obligation cannot be viewed as a debt reached by the bankrupt act; it is nothing more than the receipt of his share in advance. It is true, as remarked by our learned brother of the District Court, "if the heirs were seeking to receive the overplus which the opponent has received beyond his share, a different question would be presented." But such is not the case here.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed with costs.