| 15 | 209 |
| 46 | 271 |

## SUCCESSION OF DR. HENRY SKIPWITH.

The probate of a will does not estop a legal heir from disputing any of its dispositions, or demanding of the courts an interpretation of the same.

The will of *H. S.* contained the following dispositions, to-wit : " *Item 1st.—I give and bequeath my entire estate, of all and every description, to my children and their representatives, it being my wish that the same should be divided among them in the manner pointed out by law, subject to and under the conditions hereinafter expressed.*" " *Item 2d.—It is my will and wish that my entire estate, in the event of my wife, Margaret S. Skipwith, surviving me, shall be kept and worked together, as it now is, and managed and controlled by her ; and that no partition of the same be made among my heirs until the youngest of my children I shall leave surviving me, shall have arrived at the age of majority, or become emancipated by marriage, unless my wife should die previously thereto ; in which event the partition may take place at her death : my said wife to enjoy the usufruct of my share of the community during her life, as is provided by law ; and the net revenues of my separate estate during the time the same shall remain together and undivided, to be divided equally among my said children and heirs.*" And it is shown at the death of the testator that he had no separate property—*Held :* That the true construction of the will is to consider it as leaving the usufruct given by the Act of 1844 undisturbed, and as keeping the property in a state of indivision for the longest period allowed by law, viz, for five years. *Held* also : That the right conferred by the will, of keeping the property together and working the same, implies an accountability on the part of the widow and executrix for the crops only.

An heir will not be relieved from the obligation of collating a debt due by him to his ancestor, on the ground of prescription acquired after the opening of the succession.

APPEAL from the District Court of the Parish of E. Feliciana, *Ratliff*, J. *R. G. Bowman*, for plaintiff. *Muse & Hardee* and *Fuqua & Kilbourne*, for opponent and appellant.

MERRICK, C. J. The questions for our decision in this court arise under the following clauses in the will of the late *Dr. Henry Skipwith* of the parish of East Feliciana :

" *Item 1st.* I give and bequeath *my entire estate, of all and every description, to my children and their representatives,* it being my wish that the same should be divided among them in the manner pointed out by law, subject to and under the conditions hereinafter expressed."

" *Item 2d.* It is my will and wish that my entire estate, in the event of my wife, *Margaret S. Skipwith,* surviving me, *shall be kept and worked together, as it now is, and managed and controlled by her ;* and that no partition of the same be made among my heirs until the youngest of my children I shall leave surviving me, shall have arrived at the age of majority, or become emancipated by mar-

27

riage, unless my wife should die previously thereto ; in which event the partition may take place at her death : *my said wife to enjoy the usufruct of my share of the community during her life, as is provided by law ; and the net revenues of my separate estate* during the time the same shall remain together and undivided, to be divided equally among my said children and heirs."

The third clause of the will appointed *Mrs. Skipwith*, the appellee, executrix. She has filed her account. This litigation arises out of an opposition to the same. The parties are agreed in this court, as to all matters, except the refusal of the executrix to account for the revenues or crops; her proposition to retain the entire estate in usufruct, and also to this statement in her account, to-wit :

" Executrix further represents that there is an act of indebtedness and mortgage of *Henry Skipwith, Jr.*, in favor of *Henry Skipwith, Sr.*, passed before *H. Hawford*, Notary, on the 31st of May, 1847, for nine hundred and five dollars, with five per cent. interest from date ; that the said *Henry, Jr.*, being an heir of said testator, the executrix has left said mortgage to be collected by said *Henry* at the partition of the estate of the said testator."

To the above statement the opponent pleads a denial of indebtedness and the pleas of prescription of five and ten years.

The other grounds of opposition are : " That, as a forced heir of said deceased, by a former marriage, he opposes the proposition of the executrix not to charge herself with the rents and revenues of said property from the date of the death of said deceased until the present time, and he also opposes the proposition to retain said property in her possession. That, notwithstanding the last will of said deceased provides that his property shall be kept together until the happening of a certain condition, before any partition shall take place among his heirs, that more than five years have elapsed without the happening of said condition; and your opposer and petitioner now has a right, under the law, to claim a final partition of said estate between himself, said executrix, and his co-heirs."

The appellee's counsel has discussed the case under the following questions, to-wit :

1st. Does the will contain a *fidei commissum* ?

2d. Is the executrix entitled, under the will, to the usufruct of the community property ?

The view which we have taken of the case, will not render it necessary to follow him in the discussion of these questions.

The probate of the will does not prevent the appellant from disputing any of its dispositions, or demanding of the court an interpretation of the same.

The proof shows that the testator had no separate property. The first inquiry then is, what interest was given by the clause " my said wife to enjoy the usufruct of my share of the community during her life, *as provided by law*." This must be construed so as to give it effect, if possible, and not to avoid the same.

By Article 1745 of the Civil Code, the testator was prohibited from giving to the executrix, his second wife, children of the former marriage still living, more than the least child's portion in usufruct. *Neely* v. *Stokes*, 13 An. 143 ; *Succession of Swayze*, ibid, 244. See also *Clarkson* v. *Clarkson*, 13 An. 422.

The Act of 1844 gave the usufruct of all or a part of the community to the survivor, *provided* the pre-deceased husband or wife *had not disposed by last will and testament* of his or her share in the community. Now, by the first clause of the will, the testator *had* disposed of his entire estate, including the community, in favor of his children and their representatives. The bequest of the usufruct to

the wife " as is provided by law," became therefore important, in order to secure to her the benefit of the statute of 1844, which gave her in usufruct during her life or widowhood, such share of the deceased in the community as the children of the second marriage might inherit. Phillips' Dig. 104, sec. 3.

Comparing the will with Article 1745 C. C. already cited, makes it apparent that this is all or nearly all the testator could give his wife, he having no separate estate. The portion of the children of the first marriage, in the community, has not, therefore, been taken away by the will; for if their portions could be diminished at all, it would only be for the usufruct of one-ninth of such portions, and the one-ninth thereof would be taken *under and by the will*, and not *as provided by law*, as the testator had directed.

The will also provides, that no partition shall be made until the youngest surviving child of the testator should arrive at the age of majority, or become emancipated by marriage, unless his wife should die previously thereto. Whether the age of majority, or emancipation by marriage of the youngest child will defeat the usufruct, does not interest the opponent to inquire; for the testator could not prevent a partition of his estate for a longer period than five years, and that has already elapsed. C. C. 1222, 1223; 8 An. 249; 13 An. 162.

It seems therefore to us quite clear, that the true construction of the will is, to consider it as leaving the usufruct given by the Act of 1844 undisturbed, and as keeping the property in a state of indivision for the longest period allowed by law.

The will so construed confers upon the executrix some advantages, for she has the administration, without giving security, and the management of the entire estate for five years.

The executrix must account, for the benefit of the opponent, for one-eighth of the net proceeds of the crops since the death of the testator. The right to keep the property together and work the same, implies an accountability for the crops only.

In regard to the debt evidenced by the notarial act of 1847, it was not prescribed at the date of the opening of the succession. The opponent is as much bound, therefore, to account for whatever he owed at that time, as he would be for a movable or slave which he had received or taken possession of, belonging to the succession. If prescription of debts previous to the death of the ancestor can relieve the heir (the debtor) from collating, (upon which we express no opinion,) it cannot have that effect after the succession has once been opened. See *Aiken* v. *Ogilvie*, 12 An. 353, and *King* v. *Wartelle*, 14 An.

As the parties are agreed as to the manner in which the account should be stated after the decision of the questions presented us on the appeal, we will merely reverse the judgment and remand the cause, in order that the proper decree may be rendered in the District Court.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and that this case be remanded for a new trial and further proceedings according to law, the appellee paying the costs of the appeal.