No. 5475.

## SUCCESSION OF FRANÇOIS BOUGÈRE.

28    743
f122   544

It not appearing that the heirs who have appealed have acquiesced in any manner in the judgment appealed from, unless the mere fact of their not having applied for a suspensive appeal is acquiescence, which it is not, the application they made within a year was in time, for within that time they had a right to appeal.

As to those appellants who are married women, they appear through their attorney in fact, who was duly authorized by them, and they were authorized by their husbands to grant the power of attorney. The mandate gives to the mandatary power to appear in all courts of justice for the purpose of defending their interests. They are therefore properly before the court.

Filleul is not entitled to any thing as legatee under the testator's will. The testator bequeathed a blank sum to Filleul. This was leaving him no certain sum of money, not even any money at all. He may have intended to do so, but what his intentions were it is impossible to tell. If he intended to bequeath a sum, what was it? How can it be ascertained? An arbitrary power in such matter is disclaimed by the court. The law gives no authority to fix the amount of a legacy which has not been determined by the testator. All that can be said in regard to Filleul is that the testator has changed his mind, and that, at all events, he made no legacy.

It has been held that a discharge under the bankrupt law does not release one from the obligation to collate. Upon the same principle the heir can not plead against collation that the debt which he owes is prescribed.

If the parties were claiming simply as heirs of the deceased, being collaterals, they could not be forced to collate. But they do not claim as heirs. They claim under the will. They must therefore take according to the terms of the will.

Now, the will provides that the donations which the testator may have made to his heirs, as well as the debts and other advances which they owe him, shall be brought into his succession, in order that the three branches of his heirs may be placed upon a footing of perfect equality.

Alphonse, now deceased, was one of the three branches. In order that the provisions of the will should be carried out, it was necessary that he should collate what he owed. His children can have no greater rights or interest in the succession of which he formed a branch than he had. He would have been obliged to collate. So are they.

APPEAL from the Parish Court, parish of St. Charles. *Durapau, J.* *E. Bermudez & C. F. Claiborne, A. J. Villeré,* and *Ernest Morel,* for appellants. *E. Filleul, Alfred Phillips & Brieugne,* for appellees.

### ON MOTION TO DISMISS.

LUDELING, C. J. The appellee moves to dismiss the appeals in this case, on the grounds following, to wit:

First—That the appellants have voluntarily executed the judgment appealed from, and have voluntarily acquiesced in and ratified its execution, as per affidavit and exhibits annexed to and made part of this motion.

Second—That all the parties, contradictorily with whom the judgment was rendered, had not been made parties to the appeal, and have not been cited.

Third—That the claim of Achille Bougère, Marguerite Bougère, and

Élie Bougère, has been settled since the appeal was granted, as per affidavit and exhibits hereunto annexed.

Fourth—That the appeal was granted to Achille Bougère, Marguerite Bougère, and Élie Bougère upon the condition that they should furnish bond and security in the sum of two hundred and fifty dollars; that they never furnished such bond, but settled their claim and acquiesced in the judgment.

Fifth—That the appeal taken by Pelagie Mariotte, wife of Cerisier, Zénide Gauthier, wife of H. Jordan, and Josephine Desportes, wife of Pierre Peirault, who all reside in France, should be dismissed, because their husbands are not in court, have not joined in said appeals, and there is no evidence of record indicating that said appellants are acting with the assistance of their said husbands or of the court.

Sixth—That the appeal of Mrs. Julie Boé should be dismissed, because she can not appeal from a judgment of the honorable the Supreme Court of the State already rendered in this suit heretofore, by which it was finally decided that she is without interest or capacity to stand in judgment in this succession.

The executor rendered an account, which was homologated. In it he had made a distribution or partition of the property among the legatees, after paying creditors. Some time after this judgment Élie, Marguerite, and Achille Bougère obtained an order for a suspensive appeal, but they subsequently received from the executor their shares or amounts adjudged to them by the judgment; others of the heirs or legatees also received their shares under the judgment. The heirs were all parties to the judgment, and they knew that the executor had been ordered to pay the creditors and legatees, and after the judgment had been to a great extent executed they should not be allowed to appeal from a judgment which they have permitted to be executed. In the succession of Egana this court said: " It can not be controverted that, under the laws and jurisprudence of this State, the party who voluntarily executes, either partially or *in toto*, a judgment rendered for or against him, or who voluntarily acquiesces in or ratifies, either partially or *in toto*, the execution of that judgment, is not permitted to appeal from it." 18 An. 62, and cases there cited.

This judgment is an entirety, and it has been acquiesced in and partially executed.

As to Mrs. Boé, this court decided in a case reported in 26 An. p. 127, that she had no standing in court. The proceeding in the Second District Court of New Orleans, in which she was recognized as presumptive heir, was unauthorized, as the person, whose heir she claimed to be, never resided in this State and never owned any property in it.

It is therefore ordered that the appeal be dismissed with costs.

Mr. Justice Wyly concurs in this opinion as relates to the appeal of Mrs. Boé, and dissents as to the rest.

MORGAN, J. I concur with reference to the acquiescence, but I dissent as to the decree as it affects Mrs. Boé, and will file my reasons hereafter.

## ON THE MERITS.

MORGAN, J. When this case was first submitted, we dismissed the appeal as regards Mrs. Boé on the ground that she had no standing in court, and because the proceeding in the Second District Court of New Orleans, by which she was recognized as presumptive heir of her father was unauthorized, as the person, whose heir she claims to be, never resided in the State and never owned any property in it.

As to all the other opponents, we dismissed their appeals because we found that they had either acquiesced in the judgment, or had not appealed suspensively therefrom. No suspensive appeal was asked for by any of the parties in interest. But Pelagie Mariette, Desiré Desportes, L. M. Louise Desportes, Josephine D. Péirault, Rosalie Mariette, Jacque Mariette, Zénide Gauthier, and Victorine Gauthier, all descendants of the two branches of heirs, Jeanne Bougère and Marguerite Bougère, appealed within ten days after the judgment was rendered, and the heirs of Alphonse Bougère appealed within a year after the judgment was rendered. These heirs do not appear to have acquiesced in the judgment in any manner, unless the mere fact of their not having applied for a suspensive appeal is an acquiescence. We are of opinion that it is not. The first named of these parties applied for and were granted an appeal within the time required by law for a suspensive appeal, and they all applied for and were granted an appeal within a year after the judgment was rendered. We think that the application having been made within a year, it was in time, for within that time they had the right to appeal. It was these parties who applied for a rehearing, and it was in their favor that a rehearing was granted. We will consider the case only as it regards their rights. As to them it is moved to dismiss the appeal on two grounds:

First—Because all the parties contradictorily with whom the judgment was rendered were not made parties to the appeal and have not been cited; and,

Second—Because some of the appellants are married women, and their appeals were taken without the authorization of their husbands.

As regards the representatives of Jeanne Bougère and Marguerite Bougère, all the parties in interest opposed to them, except the executor, accepted service of the petition of appeal. The executor does not allege

54

that he is not properly before the court. All he pleads in this connection is acquiescence. We have decided that there was no acquiescence, consequently there is no ground to dismiss their appeal.

As to those appellants who are married women, they appear through their attorney in fact, Lewis Breton, who was duly authorized by them, and who were authorized by their husbands to grant the power of attorney. The mandate gives to the mandatory the power to appear in all courts of justice for the purpose of defending their interests. They are, therefore, properly before the court.

The motion to dismiss the appeal of the parties who are now before us is denied.

François Bougère died on the twenty-fourth of August, 1873. He had no forced heirs. He left a will in the olographic form, which was duly proved and admitted to probate. He appointed E. Filleul executor, who was confirmed as such.

The will is dated thirtieth April, 1866. It is written in the French language. We translate it as follows:

"My name is François Bougère; I was born at Anges, France; I am sixty-eight years old; my father and mother are long since dead; I have never been married.

"I give and bequeath unto Mr. Edward Filleul, lawyer, the sum of ——. I appoint Mr. Edward Filleul, lawyer, my testamentary executor, and I desire that he take the commission which the law allows, over and above the legacy which I make him.

"I institute as my heirs and universal legatees, each for one-third:

"First—My sister, Widow Mariette, living in Anges, France.

"Second—My brother, Réné Bougère, living at Brissac, France.

"Third—My sister, Widow Gauthier, living at Anges, France.

"My will is that my succession shall be divided only among the heirs named in this testament, and that all those who are not named in it shall be excluded.

"I wish my succession to be divided between these three branches of heirs, according to the rules established by the Civil Code of Louisiana, which regulate intestate successions, so that each of these three branches of heirs have an equal part.

"The donations which I have made to my heirs, as well as the debts and advances which they owe me, shall be brought back in my succession, adding thereto the interest on the debts and advances due, or the estimated value of the donations, so that my executor may estimate what each branch has received during my life, and what it should receive after my death, in order that the three branches of heirs may be placed upon a footing of perfect equality."

After administering upon the estate, the executor filed his account.

Succession of Bougere.

In this account he seeks to distribute the succession, and he divides it into four equal parts; one of these parts he claims. As regards his own pretensions, he is opposed by all the instituted heirs, and they appeal from the judgment which decided in his favor.

The first question, then, to be determined is whether Filleul is entitled to any thing under the will as legatee. We do not see how we can affirm the judgment of the parish court without making, in part, at least, a will for François Bougère. He certainly left Filleul no sum of money. He may have intended to do, but what his intentions were we can not tell. If he intended to leave him any thing, what was the sum? How are we to ascertain it? Can we fix it, as he could have done, arbitrarily? Then we could dispose of his entire estate and leave his instituted heirs nothing. Or we could cut them off with a shilling, or give them what our caprice would dictate. We disclaim any such power. What we are called upon here is not to interpret the meaning of a particular clause in a will, but we are asked to fix the amount of a legacy which has not been fixed by the testator. For this, we think, the law gives no warrant. But the executor contends that inasmuch as the testator declared that he wished his instituted heirs to take in conformity with the rules laid down in the Civil Code with regard to intestate successions; and inasmuch as he died leaving four heirs, one of whom he had excluded, therefore he, Filleul, must be considered as standing in the place of the excluded heir, and take the share he would have been entitled to in the absence of a will. This would be dividing the estate equally between the instituted heirs and the legatee. There is nothing in the will which would justify such an interpretation. If the testator had intended that his succession should have been thus divided, he would have said so. There is nothing to show that he intended such a division, for he speaks of Filleul as a legatee, institutes the parties named as his exclusive heirs, and provides that, after paying the debts and legacies, his estate shall be divided equally among the heirs named. All that can be said as regards Filleul is, that the testator may have intended to make him a legatee, but that he changed his mind. At all events, he did not.

We come now to the opposition of the minor heirs of Alphonse Bougère. His children inherit from him. In his turn he inherits from his father. His father is one of the instituted heirs of François Bougère.

The will, as we have seen, provides that the donations which the testator had made to his heirs, as well as the debts and advances which they owe him, are to be brought back into his succession, so that his executor may know what each branch had received and what it should receive after his death, in order that the three branches of heirs may be placed upon a footing of perfect equality.

No debt was due by Réné Bougère, the instituted heir, to François

Bougère, testator. François held the notes of Alphonse. Alphonse is dead. His children say the debt which their father owed is prescribed; that François could not have collected it, and, therefore, it can not be collated. That Alphonse, if alive, could have been forced to collate, is, we think, clear. It has been held that a discharge under the bankrupt law does not release an heir from the obligation to collate. Succession of Cucullu, 9 An. 96. Upon the same principle the heir can not plead against collation that the debt which he owes is prescribed.

It is, however, urged that the obligation of collating is confined to children, or descendants succeeding to their fathers and mothers, or other descendants, whether *ab intestato*, or by virtue of a testament. This is the textual provision of the Code, article 1235. If, then, the parties before us were claiming simply as heirs of the deceased, being collaterals, they could not be forced to collate. But they do not claim as heirs. They claim under the will. They must, therefore, take according to the terms of the will. Now the will provides that the donations which the testator may have made to his heirs, as well as the debts and advances which they owe him, shall be brought into his succession, in order that the three branches of his heirs may be placed upon a footing of perfect equality. Alphonse was one of these branches. In order that the provisions of the will should be carried out, it was necessary that he should collate what he owed. His children can have no greater rights or interest in the succession of which he formed a branch than he had. He would have been obliged to collate. So are they.

It is therefore ordered, adjudged, and decreed that the judgment of the parish court, as regards the opposition of Pélagie Mariette, Desiré Desportes, L. M. Louise Desportes, Josephine D. Péirault, Rosalie Mariette, Jacque Mariette, Zénide Gauthier, and Victorine Gauthier, be reversed, in so far as it gives to E. Filloul any portion of the succession of François Bougère, and that it be affirmed as to the balance of their opposition. It is further ordered, adjudged, and decreed that the judgment in so far as it relates to the opposition of the heirs of Alphonse Bougère be affirmed. And as thus amended it is ordered that the judgment of the parish court be affirmed, the succession to pay the costs.