## No. 5170.

### Turner, Wilson & Co. vs. W. W. McMain et al.

Legal citation upon one of several solidary debtors interrupts prescription as to all.
The interruption of prescription by a suit, works a suspension of prescription, as to every one affected by the interruption, during the pendency of the suit.
Mere inaction on the part of a plaintiff, does not amount to an abandonment of his suit.

APPEAL from the Fourth District Court, parish of Orleans. *Lynch*, J.

*E. K. Washington*, for plaintiffs and appellants.
*Randolph, Singleton & Browne*, for defendants.

The opinion of the court was delivered by

Howell, J. In May, 1855, plaintiffs instituted this suit on a note for $5345 53 against the makers, W. W. McMain, F. Vose, and Mrs. L. C. Frierson. Citation was served on McMain only. The case was submitted to the judge in May, 1857, who ordered it to "be put back for further proceedings." In 1873 it was again put on the issue docket, Mr. and Mrs. Frierson cited, default taken as to McMain, prescription filed by Mrs. Frierson, other proceedings had, and judgment rendered condemning McMain to pay the amount of the note and interest, and maintaining the prescription pleaded by Mrs. Frierson, and from the latter part of the decree plaintiffs appealed.

It is contended on their behalf that citation on McMain, one of the obligors *in solido*, was a *continuous* interruption of prescription as to his co-obligors.

Article 3552 of the Revised Civil Code provides that "a citation served upon a debtor *in solido*, or his acknowledgement of the debt, interrupts the prescription with regard to all others, and even their heirs."

This only declares the interruption of prescription as to co-debtors. Interruption and suspension are different, and the Code, in treating of the suspension of prescription, does not include the service of citation as one of the causes with regard to co-debtors. As to those who are not in court, the citation operates only as an interruption of the prescription which begins again to run.

This is supported by the fact that the law gives the same effect to both the service of citation and the acknowledgment of the debt. It has never been contended that an acknowledgment is a continuous interruption or a suspension of prescription.

We think the court *a qua* did not err in sustaining the plea.

Judgment affirmed.

---

ON REHEARING.

The opinion of the court was delivered by

MANNING, C. J. The note in suit is a solidary obligation. Shortly after its maturity suit was instituted against all parties, but citation was served only upon McMain, and W. J. Frierson, the husband of one of the obligors. Mrs. Frierson was cited December 1, 1873, and pleads prescription. This last service was nearly nineteen years after the maturity of the note.

The citation of one of the solidary debtors in 1855 interrupted prescription as to all the others. The liability of Mrs. Frierson will depend upon the question whether that interruption lasted during the continuance of the suit. The suit was never discontinued or dismissed, and ended by a final judgment upon the pleadings and process, as they were filed from time to time.

The counsel for the defendant relies on the declaration of the Code that if the plaintiff abandons or discontinues his demand the interruption shall be considered as having never happened (Civil Code, article 3485, new No. 3519), and, while admitting that frequent decisions of this court have required that the abandonment must be active, he insists that the conduct of the plaintiff in not calling his suit for trial from 1857, when a hearing was had and no decision made, to 1873, when his client was first cited, constitutes such an abandonment as the Code has in view. In other words, that the inaction of the plaintiff is equivalent to an abandonment.

He also contends that the interruption of prescription consequent upon a citation, is the same as that produced by an acknowledgment of the debt, and that in both cases prescription begins to run again immediately (Civil Code, article 3517, new No. 3552), while his adversary insists that when the Code says a suit against one of the solidary debtors interrupts prescription with regard to all (*idem.*, article 2092, new No. 2097), it means that the interruption lasts as long as there is a suit.

The distinction between an interruption and a suspension of prescription is clearly defined, and need not here be elaborated, since it does not enter into this case. Our inquiry is of the nature, extent, and duration of the interruption produced by a suit. Marcadé, treating of the interruption thus resulting, says:

"Et d'abord une demande en justice, l'article ne parle, il est vrai, que d'une *citation* en justice, ce qui pourrait faire croire que l'effet interruptif n'est attribué qu'à la demande formée par exploit introductif d'instance; mais la raison dit, et tout le monde le reconnait aujourd'hui, que toute demande en justice, qu'elle soit formée par une citation ou autrement, interrompt la prescription. *  *  * Ce n'est pas seulement pour le temps antérieur à la demande, que cette demande interrompt la prescription, c'est aussi, comme nous l'avons déjà dit en nos observations préliminaires sur ce chapitre, pour tout le temps que durera l'instance ; en sorte qu'une prescription nouvelle ne pourra pas recommencer contre le demandeur avant le jour où sera rendu le jugement par lequel cette instance se terminera. S'il en eût été autrement, si la demande, en effaçant le temps qui s'est écoulé avant elle, eût laissée la prescription nouvelle recommencer à l'instant même, il s'en serait suivi ce résultat absurde, que toutes les fois que le procès aurait duré pendant un temps plus long que le délai de la prescription applicable à l'espèce, le droit du demandeur aurait été anéanti par la prescription nouvelle avant que le jugement fut prononcé. *  *  * C'est donc une profonde hérésie que celle qui donne à la demande judiciaire l'effet d'anéantir la prescription antérieure en laissant commencer dès le même jour une prescription nouvelle." Traité de la Prescription, p. 124.

Marcadé answers the question which the defendant's counsel addresses to us, whether the plaintiff's remaining quiet for a very long period shall not be legally construed as an abandonment of his suit: "L'interruption dure tant que dure le procès, fut il de quarante ans, cinquante ans, et plus ;" and Troplong is equally explicit: "Du reste, tant que le procès se poursuit, il n'y a pas de prescription possible ; l'action durât-elle trente, quarante, et cinquante ans." De la Prescription, p. 298.

We must then inquire if the doctrine of this court has been in accord with that announced by the French commentators. The earliest doctrine was in 1811, Riviere vs. Spencer, 2 Martin, 83, when it was said that

prescription was interrupted in that case by a suit in 1795 which had been kept alive till 1801, and the new suit was within time, reckoning from the last date, and the court said: "When possession is interrupted, full time must be reckoned from the cessation of the interruption."

The point was met fully in Driggs vs. Morgan, 10 Rob. 123, when, considering the interruption of prescription by a reconventional demand, the court said: "Such interruption necessarily exists during the pendency of the action, and until its final termination," and quoted Dalloz: "Il n'y a pas de péremption, ni des lois, de prescription possible, tant que la procédure se poursuit." In a later case, Wilson vs. Marshal, 10 An. 331, the language of the court was imperative: "It is impossible for prescription to run while a suit is pending;" and in Barron vs. Shields, the court remarked the omission from our Code of those clauses of article 2247 of the Code Napoleon, which declares that the interruption of prescription is considered as *non-avenue* if the suit be informal, or the demand be rejected, and proceeded: "If a suit be instituted upon a note before it is due, and pending the suit the note matures and is protested for non-payment, prescription of that note is interrupted so long as the suit lasts after maturity, even if the suit be ultimately dismissed upon an exception of prematurity." 13 An. 58.

The text of that article of the Code Napoleon is : "Si l'assignation est nulle par défaut de for ne ; si le demandeur se désiste de sa demande; s'il laisse périmer l'instance ; ou si sa demande est rejetée, l'interruption est regardée comme non-avenue." We may add to these comments of the court the observation that the omission of the clause "s'il laisse périmer l'instance" has a special significance. The absence from our Code of that part of article 2247 of the Code Napoleon evinces that its object was to extinguish that "profound heresy" which Marcadé notices as prevailing to some extent among the French legists, and to leave no room for doubt as to the effect of the interruption of prescription by a suit under our law.

One of the decisions referred to by the defendant's counsel in his brief, Millaudon vs. Beazely, 2 An. 916, seems to support his theory. The language is: "If it be conceded, as contended for, that the acknowledgment in the one case and the citation in the other interrupted prescription, it commenced again immediately to run as to this defendant, and was completed before the commencement of the present action."

Independent of the loose manner in which the dictum is interjected into the opinion, and of its qualifying term, we may observe that the same court held in the following· month that the prescription interrupted by a suit commenced to run from the date of the judgment in that suit; *i. e.*, from its termination, and not its commencement. Hite vs. Vaught, *idem*, 970. These cases are cited in Richard vs. Batram, 14 An.

144, where it was said prescription began to run again in favor of an obligor, at least from the date of the judgment against his co-obligor.

From this review of the decisions of this court it will be seen that the interpretation of the French commentators has been adopted here from an early period, and has been consistently adhered to (unless we may except the isolated dictum in Millaudon vs. Beazely as an exception), and we may therefore adopt the language of Marcadé, " de tout temps on a reconnu que du moment que les droits en actions prescriptibles sont portés devant le juge, ils ne peuvent plus périr, pas plus par une prescription nouvelle que par l'ancienne." For these reasons—

It is ordered, adjudged, and decreed that the judgment heretofore rendered in this cause be set aside and canceled, and that so much of the judgment of the lower court as sustains the plea of prescription in favor of L. C. Frierson is annulled, avoided, and reversed, and that there be judgment in favor of plaintiff against her for the sum of $5345 55, with six per cent per annum interest from the twenty-sixth day of April, 1852, and costs of both courts, and that the judgment of the lower court against W. W. McMain is affirmed.