(83 South. 378)

No. 22032.

SOUTH ARKANSAS LUMBER CO. v. TREMONT LUMBER CO.

(Nov. 3, 1919.   Rehearing Denied Dec. 1, 1919.)

*(Syllabus by Editorial Staff.)*

1. JUDGMENT ☞585—NOT RES JUDICATA AS TO ISSUE NOT PASSED ON.

In suit by purchaser of timber against seller to recover for timber subsequently resold by seller to another company, and cut and removed by it, defendant seller called on such company in warranty to defend, but it objected, and on its exception of no cause of action as not the warrantor of the seller suit was dismissed as to it. *Held*, such judgment of dismissal is not res judicata of the seller's suit against it to recover the amount of judgment seller was compelled to pay first purchaser.

2. LIMITATION OF ACTIONS ☞43 — NO PRESCRIPTION UNTIL CAUSE OF ACTION HAS ACCRUED.

A person cannot bring suit until his cause of action has accrued, and until a cause of action has accrued prescription cannot run against it.

3. LIMITATION OF ACTIONS ☞56(1) — PRESCRIPTION; ACCRUAL OF CAUSE OF ACTION AGAINST PERSON ULTIMATELY LIABLE.

A lumber company's cause of action against the second buyer of timber from it on account of damages paid the first buyer for removal of timber by the second buyer did not accrue until the company paid the first buyer the judgment recovered against it as a consequence of the act of the second buyer, and limitations did not begin to run until such payment.

4. LIMITATION OF ACTIONS ☞126—PRESCRIPTION; INTERRUPTION OF PRESCRIPTIVE PERIOD BY CITATION IN WARRANTY.

Where the seller of timber, sued by the first purchaser for damages from the removal of timber by a second purchaser, cited in the second purchaser in warranty to defend, such citation in warranty interrupted the prescription on the cause of action of the seller against the second purchaser to recover the amount of damages recovered against the seller by the first purchaser.

5. INDEMNITY ☞13(1) — SUCCESSIVE TIMBER SALES; LIABILITY OF SECOND PURCHASER TO SELLER FOR WRONGFUL CUTTING.

Where a lumber company made successive sales of timber, and the second purchaser cut timber belonging to the first purchaser, the second purchaser was liable to the seller for damages recovered from the seller by the first purchaser, whether it, the second purchaser, in cutting the first purchaser's timber, acted in ignorance of the first purchaser's right, or acted knowingly and willfully.

6. FRAUDS, STATUTE OF ☞56(3)—PAROL EVIDENCE AFFECTING TITLE TO REALTY INADMISSIBLE.

Since the question whether certain timber was or was not included in a sale involved title to realty, parol evidence on the issue was inadmissible; such evidence being inadmissible to affect title to realty.

7. LOGS AND LOGGING ☞3(10)—SALE OF TIMBER NOW OWNED.

The purchaser of such timber as the seller "now owns" took chances as to what timber fell within the qualification, as limited by prior sales on the part of the seller to others.

Monroe, C. J., dissenting.

Appeal from Fourth Judicial District Court, Parish of Lincoln; S. D. Pearce, Special Judge.

Suit by the South Arkansas Lumber Company against the Tremont Lumber Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Stubbs, Theus, Grisham & Thompson, of Monroe, for appellant.

George Gunby, of Monroe, for appellee.

PROVOSTY, J.   In the year 1904, the plaintiff, the South Arkansas Lumber Company, a sawmill corporation holding some 40,000 acres of timber lands, sold to the Louisiana Stave Company 2,000,000 feet of hardwood timber standing on certain of these lands, fully described in the deed, and therein stated to be situated in the parishes of Jackson and Winn. This deed was duly recorded in the parish of Jackson, but by in-

advertence was not recorded in the parish of Winn.

Two years later, on March 12, 1916, the said lumber company agreed to sell all its holdings (sawmill plant, timber lands, and all) to the defendant company, the Tremont Lumber Company. The agreement was reduced to writing, and contains, among other clauses, the following:

"It is understood that on certain 40's which have been estimated by J. D. Lacey & Co. that there are about 2,000,000 feet of hardwood timber which does not belong to the first party and is not embraced in this contract.

"It is also understood that the first party has not paid for some 2,145,000 feet of timber which is in the estimates of J. D. Lacey & Co., and it is further understood that the second party, in lieu of said hardwood and said timber, which has not been paid for, shall receive and accept certain nineteen 40's carrying about 5,560,000, according to the representations of the first party, and which have not been estimated by J. D. Lacey & Co."

Less than a month later, on April 3, 1906, this agreement was carried out by the execution of a deed of sale. This deed, which is very lengthy, makes no express reservation of the hardwood timber theretofore sold the Louisiana Stave Company, but contains the following clause:

"And the vendor further declared that it is its purpose and intention to sell, etc., ——, unto the vendee, all the property, real, personal, and mixed, of any and all character and description whatsoever, situated in the state of Louisiana, now owned by it, whether the same be particularly described herein or not."

And again the following:

"It being also specifically stipulated and agreed that, while the vendor herein conveys all the merchantable timber on certain lands hereinabove described, it conveys only such timber as it, said vendor, has heretofore acquired in any manner whatsoever and now owns."

By these clauses it is very evident that the idea of the parties was that the purchasing company was simply succeeding to the holdings of the selling company—stepping into its shoes.

After this deed had been duly recorded in the parishes of Jackson and Winn, the purchasing company proceeded to cut and remove the timber, including that part of the hardwood timber sold to the Louisiana Stave Company, situated in the parish of Winn.

The Louisiana Stave Company, acting on the assumption that the South Arkansas Lumber Company had sold this timber to the Tremont Lumber Company, and that this second sale prevailed over the first, because recorded first in Winn parish, sued the South Arkansas Lumber Company for the value of the timber, and obtained judgment.

The South Arkansas Lumber Company paid this judgment, and now brings the present suit to recover of the Tremont Lumber Company the amount so paid. The theory of the suit is that this hardwood timber was not included in the sale to the Tremont Lumber Company, and that by taking it the latter company committed a tort which damaged the South Arkansas Lumber Company to the amount which, as a consequence of the tort, the latter company was condemned to pay to the Louisiana Stave Company.

In defending the suit in which it was thus condemned, the South Arkansas Lumber Company denied that the said hardwood timber had been included in the sale to the Tremont Lumber Company; it averred that all of the timber sold to the Louisiana Stave Company had been removed by that company, and none of it by the Tremont Lumber Company; and it called the latter company in warranty to defend the suit.

That company objected to being thus called in, and, on exception of no cause of action, was dismissed from the suit, as not being the warrantor of the South Arkansas Lumber Company.

[1] This judgment of dismissal it now pleads as res judicata of the present suit.

That judgment decided nothing, except that the South Arkansas Lumber Company was not entitled to call in the Tremont Lumber Company in warranty. It passed on none of the issues of the present suit; hence it cannot possibly be res judicata of the present suit.

In this court the defendant has pleaded the prescription of one year applicable to torts, and contends that the prescription began to run from the date of the taking of the timber, so that it had long accrued when the present suit was filed on October 16, 1914.

[2, 3] A person cannot bring suit until his cause of action has accrued, and until a cause of action has accrued prescription cannot run against it. Jones v. T. & P. R. R. Co., 125 La. 542, 51 South. 582, 136 Am. St. Rep. 339. No cause of action accrued to the present plaintiff from the mere taking of the timber, for at that time the present plaintiff had ceased to be owner of the timber by the sale to the Louisiana Stave Company. The cause of action in favor of the present plaintiff accrued to it only when it paid to the Louisiana Stave Company the judgment rendered against it as a consequence of the act of the defendant company in taking the timber. That judgment became final on May 25, 1914, and was paid by the present plaintiff in June, 1914, one month only before the filing of the present suit.

[4] Moreover, even if the prescription ran from the date of the taking of the timber, it could begin thus to run against the present plaintiff only from the time knowledge of such taking reached the present plaintiff, and we gather from the record that this did not happen until at the time of, or shortly before, the filing of the suit of the Louisiana Stave Company, on October 9, 1907, and the citation of the present defendant in warranty in that suit was served within a year thereafter, on July 15, 1908. This citation in warranty, involving, as defendant alleges in the

exception of res judicata, and as for all practical purposes it in fact did, the same demand as the present suit, interrupted the prescription; and this interruption continued as long as the suit lasted (Turner v. Mc-Main, 29 La. Ann. 298), which, as already stated, was until May 25, 1914, while the present suit was filed in October, 1914, less than a year after the ending of the interruption.

On the merits defendant company contends that not only as a matter of fact was all the timber in Winn parish, without exception, involved in the deed to it, but that such was the intention; that at that time the officers of the present plaintiff were under the impression that the Louisiana Stave Company had already cut and removed all the timber it had bought, while the officers of defendant were not aware that the sale to that company included timber in Winn parish.

[5, 6] On this point of knowledge vel non on the part of the officers of defendant, the parol evidence is conflicting; but it is unimportant, since the defendant company would not be any the less liable from having acted in ignorance, if it acted without right and damaged plaintiff. 26 Am. & Eng. Ency. of L. (1st Ed.) p. 577; 38 Cyc. 1002. And moreover, this parol evidence was inadmissible, since the question of whether this timber was or not included in the sale to defendant involves title to real estate (standing trees being real estate), and parol evidence is inadmissible to affect title to real estate.

"When questions of title arise in actions for damages, the same proof is required as in petitory actions." Hennen, Dig. p. 529, No. 4.

[7] The deed to defendant, as appears from the hereinabove transcribed clauses, conveyed only such timber as the vendor "now owns"; and the plaintiff at the execution of this deed was not owner of this hardwood timber. Defendant, in purchasing by a deed thus qualified, took the chances as to what

146 LA.—3

timber fell within the qualification. The case does not stand as if defendant had purchased outright, without qualification for then the legal situation would have been governed entirely by the public records; but as the deed recites expressly that the sale is not of all the timber described, but only of such part of it as the vendor "now owns," the defendant cannot pretend to have purchased whatever part of the described timber the vendor did not "now own." And the timber in question had already been sold to the Louisiana Stave Company, as evidenced by the deed recorded in the parish of Jackson.

It is noteworthy that less than a month before this sale the defendant had been fully advised by the agreement of March 12th that "on certain 40's" to be included in the proposed sale to defendant "there are about 2,-000,000 feet of hardwood timber which does not belong to the party of the first part." Whether this agreement was admissible in evidence, and whether the specific objection made to its being admitted covers the ground on which possibly it was not admissible, are questions we spare ourselves the discussion of, as not necessary for the decision of the case.

The quantum of the damages is not discussed in the briefs; it being seemingly admitted to have been correctly fixed in the judgment in favor of the Louisiana Stave Company, which was paid by plaintiff. The trial court so found, and gave plaintiff judgment accordingly.

The present decision, construing the hereinabove transcribed reservation clause as having excepted this hardwood timber from the sale to defendant, conflicts apparently with the decision in the Louisiana Stave Company suit, wherein the contrary was held; but in that suit the reservation clause read:

"It being also specially stipulated and agreed that, while the vendor herein conveys all the merchantable pine timber, on certain lands hereinabove described, it conveys only such timber as it, said vendor, has heretofore acquired in any manner whatsoever, and now owns."

And the court, interpreting the clause, reasoned that the word "pine," occurring between the words "merchantable" and "timber," made plain that the reservation was only on pine timber. In the instant case this word "pine" is not to be found in the clause.

Judgment affirmed.

MONROE, C. J., dissents.