SOUTHERN PRINTING CO., INC., v. COMMUNITY BURIAL SERVICE CORP.

———

(April 23, 1928. Opinion and Decree.)
(June 4, 1928. Rehearing Refused.)

———

(*Syllabus by the Court*)

1. **Louisiana Digest—Appeal—Par. 625.**
The judgment will be affirmed when the defendant fails to show that it is erroneous.

Appeal from Civil District Court. Hon. E. K. Skinner, Judge.

Action by Southern Printing Co., Inc., against Community Burial Service Corp. et al.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Neil A. Armstrong, Jr., of New Orleans, attorney for plaintiff, appellee.

Van Buren Harris, of New Orleans, attorney for defendant, appellant.

CLAIBORNE, J. This is a suit on a promissory note.

The plaintiff alleged that it was the holder of a promissory note for $468.50, payable 60 days after date, drawn and endorsed by the defendant, payable and endorsed also by J. P. Hodgkins, and bearing six per cent per annum interest from date and ten per cent attorney's fees in case of suit, payable in weekly install-

ments, the failure to pay one installment to mature the whole amount; that the defendant has paid on account $102.75, leaving a balance due of $365.75 for which plaintiff claims judgment with interest and attorney's fees against the maker and endorser.

The defendant corporation denied every allegation of the petition except the payment of $102.75 on account.

There was judgment for plaintiff against both defendants and the corporation alone has appealed.

John T. Convery, attorney at law, testified that he made demand of the defendants for the payment of the account due to plaintiff; they stated that they were not able to pay in full but would give a note for $468.50, payable weekly, which he accepted; the note was brought to his office by one of the representatives of the corporation and a payment of $102 was made on account of the note; they several times pleaded for extensions; Mr. Burns told him that he was in charge of the corporation, that Mr. Hodgens was the president, and that he had signed the note.

J. T. Burns testified that he was secretary-treasurer of the defendant.

H. F. Sirgo testified that he was president of the plaintiff company and that it did printing for the defendant, on account of which there was a balance due of $365.75; he produced a letter from the defendant dated April 26, 1926, signed by Community Burial Service Corporation, admitting an indebtedness of $365.75.

The defendant produced no witness to deny its indebtedness.

The claim seems to us to be established and therefore the judgment is affirmed.