(132 So. 652)

**NELSON v. YORK et al.**

No. 30779.

Feb. 2, 1931.

Monroe & Lemann, of New Orleans, and G. P. Bullis, of Vidalia, for appellant.

Dale, Dale & Dale, of Vidalia, and Theus Grisham, Davis & Leigh, of Monroe, for appellees.

BRUNOT, J.

On May 25, 1916, the Brevard & Woods Stave Company, a Tennessee corporation, the then owner of 19,447.50 acres of land in Concordia parish, La., mortgaged the entire property to' J. B. & Robert York, a copartnership composed of Jerome B. York and Robert York, to secure an acknowledged indebted-

ness to that company of $100,000. On October 16, 1916, the Brevard & Woods Stave Company sold the entire property to the Standard Hardwood Company, a Delaware corporation, for a stipulated price, a small part of which was paid to the vendor in cash, and for the balance of the purchase price the vendee assumed the payment of two mortgages resting upon the property, one of them being the mortgage to J. B. & Robert York. The notes identified with this mortgage were not paid at maturity, and, upon a petition filed by J. B. & Robert York, in the United States District Court for the Western District of Louisiana, receivers for the Standard Hardwood Company were appointed. During the course of the receivership Robert York & Co., a copartnership composed of Robert York and Mary Y. Trigg, intervened therein. In the interveners' petition it is alleged that the Standard Hardwood Company and its receivers are indebted to Robert York & Co. in the sum of $72,637.50, represented by three promissory notes for $24,212.50 each, secured by a first mortgage on the property involved herein, and in the further sum of $100,000 represented by five promissory notes for $20,000 each, which are also secured by mortgage upon said property. It is alleged that all of said notes are past due and unpaid, and the petition concludes with a prayer for the sale of the property to satisfy the indebtedness. The interveners' claims were opposed, but the court finally sustained them, with minor conditions imposed, and a judgment was rendered accordingly. The property was sold pursuant to the court's decree, and it was adjudicated to the intervener, Robert York & Co.

In further proceedings, the adjudication was confirmed by judgment.

The jurisdiction of the United States District Court and the regularity of the receiv-

ership proceedings are not questioned by the plaintiff in this suit. The averments of her petition are that plaintiff is the daughter of J. B. York and Elizabeth York, who were married in 1870; that six children were born of the marriage, two of whom died in infancy, and a third died intestate in 1920; that J. B. York died on July 6, 1919, leaving an estate consisting entirely of his interest in the community of acquêts and gains existing between himself and Elizabeth York, who survived him, and from whom he was never legally separated or divorced; and that the total consideration for the property conveyed by A. M. Leary, special master, to J. B. York & Co., the adjudicatee thereof, was paid by J. B. York, or by the partnership of J. B. & Robert York, in which partnership Mary Y. Trigg had no interest. We quote, in full, four paragraphs of the petition, which are as follows:

"13. Robert York caused a corporation to be organized under the laws of Delaware called Acadia Land Company, said corporation being organized to take the title to, and represent Robert York and Mary Y. Trigg in the ownership of said land.

"14. On August 17th, 1925, Robert York and Mary Y. Trigg conveyed the property described in paragraph 4 hereinabove, to said Acadia Land Company, and said Acadia Land Company have never alienated said land in any manner.

"15. The consideration for said sale was the capital stock of said Acadia Land Co., and all of the capital stock of said company is actually or beneficially owned by Robert York and Mary Y. Trigg.

"16. Said Acadia Land Company therefore stands in the same position regarding said land as do Robert York and Mary Y. Trigg, and took and hold said land subject to the

rights and equities of petitioner as herein recited."

Robert York, Mary Trigg, and the Acadia Land Company are cited as defendants, and the plaintiff's prayer is for a judgment decreeing her to be the owner of an undivided one-half of the land described in the petition, by inheritance from her mother; and an undivided one-eighth thereof, by inheritance from her father; and for further judgment placing her in possession thereof.

The defendants filed pleas of res adjudicata, estoppel, want of jurisdiction of a state court to annul or reform a decree of a federal court, and the prescription of ten years. These pleas were heard, and judgment was rendered maintaining them and dismissing the suit. The appeal is from that judgment.

◼ Res adjudicata cannot be successfully pleaded when the thing demanded and the parties to the respective suits are different.

"The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality." C. C. art. 2286.

In the case of Roussel v. Railways Realty Co., 165 La. 536, 115 So. 742, this court held:

"Where thing demanded by plaintiffs is not same as their present demand and is not founded upon same cause of action, final judgment invoked by defendant has not authority of thing adjudged as against present action, under Rev. Civ. Code, art. 2286, enumerating requisites to constitute judgment res judicata."

In this connection we cite Smith Bros. & Co., Ltd., v. N. O. & N. E. R. R. Co. et al., 109 La. 782, 33 So. 769; South Ark. Lbr. Co. v. Tremont Lumber Co., 146 La. 61, 83 So. 378; Praegner v. Kennebrew & Ratcliff, 156 La. 132, 100 So. 247.

◼ The defendants rely upon the doctrine that the effect of res adjudicata extends to the parties, privies, heirs, succession, assignees, and all who claim through the parties to the suit or who were properly represented therein. That doctrine does not apply in this case for the very satisfactory reason that, while it is true that it was upon the petition of J. B. & Robert York that receivers were appointed for the Standard Hardwood Company, J. B. York was not a party to the suit instituted in the receivership proceedings by Robert York & Co., for the foreclosure of the mortgage, and it is the judgment which was rendered in that suit that is here pleaded as res adjudicata. In this suit the plaintiff's demand is not the same, the demand is not founded on the same cause of action, and the parties to the suit are different.

◼ This is not a suit to annul a judgment of the United States District Court. It is a suit to have the adjudicatee of property at a foreclosure sale, in whom the title is still vested, declared to be the holder for the community existing between the plaintiff's deceased father and mother, whose matrimonial domicile was in Concordia parish, where the property involved is situated.

Of such a suit the Seventh judicial district court has jurisdiction.

◼ This is a suit to recover real estate, the title to which has not passed to third persons. Such suits are barred only by the prescription of thirty years.

For the reasons stated, the judgment appealed from is reversed, and the case is remanded to be proceeded with according to law and the views herein expressed, appellee to pay the costs of the appeal.