## SUCCESSION OF MEYERS

———

(April 13, 1931. Opinion and Decree.)
(May 11, 1931. Rehearing Refused.)

———

Paul W. Maloney, of New Orleans, attorney for movers in rule and appellants.

Long, Guillot & Simoneaux, of New Orleans, attorneys for appellee Inheritance Tax Collector.

WESTERFIELD, J. Henry Wellman Meyers died intestate on December 21, 1919.

A dispute arose as to the amount of inheritance tax due, with the result that on January 16, 1923, $120 was deposited in the registry of the Civil District Court until such time as the matter might be adjudicated. On March 14, 1923, a rule was taken to determine the ownership of the fund so deposited, which the court evidently intended to decide in favor of the tax collector, as appears by the following excerpt from the minutes of division "A" of the Civil District Court under date of July 10, 1923:

"On rule against Inheritance Tax Collector: For the written reasons assigned by the court, the law and the evidence being in favor of defendant in rule, it is ordered that said rule be discharged at the cost of the movers."

No formal judgment, however, was ever rendered and the fund remained in the possession of the clerk of court until December 3, 1930, when the widow and child, heirs of deceased, who had in the meantime been put into possession of the succession, took a rule against the clerk of court, ex officio registrar and inheritance tax collector, to show cause why the deposit should not be paid over to them, upon the ground that the claim of the inheritance tax collector had been prescribed by the lapse of five years, under the provisions of Act No. 82 of 1924. To this rule the clerk of court, in his capacity of inheritance tax collector, filed an exception of res adjudicata, and, in his capacity as registrar, a plea of estoppel. This rule was tried on the merits and judgment was rendered in favor of defendant on January 9, 1931, and signed on January 19, 1931. Plaintiff in rule has appealed. In the meantime, however, on January 9, 1931, a judgment purporting to have been rendered on July 10, 1923, was signed and the fol-

lowing entry appears in the minutes of the court of that day:

"On rule against inheritance tax collector.

"For the written reasons assigned by the court, the law and evidence being in favor of defendant in rule.

"It is ordered, that said rule be discharged, at the costs of the mover.

"Judgment rendered and read in open court on July 10, 1923.

"Judgment signed in open court on this 9th day of January, 1931."

The contention of the defendant in rule is, first, that the minute entry of July 10, 1923, was sufficient evidence of judgment to serve as the basis of a plea of res judicata, but, in any event, its signature in 1931 would be effective as of the date of its inscription in 1923, but if the judgment be invalid, the rule is still pending and serves to interrupt prescription; second, that Act No. 82 of 1924 does not apply because the deposit involved in this litigation was made prior to the adoption of the act; and, lastly, the doctrine of "quae temporilia sunt ad agendum perpetua sunt ad excipiendum" is relied on.

An unsigned judgment can have no effect. Reneau v. Brown, 8 La. App. 475, and authorities there cited. The invalidity of the judgment, however, does not result in the dismissal of the rule. It is still pending, awaiting judicial determination, and interrupts prescription, which can only begin to run after the disposal of the proceedings, no matter how long delayed. Prescription, once interrupted by suit, ceases to run until the termination of the suit, no matter how long it may last. Turner, Wilson & Co. v. McMain, 29 La. Ann. 298.

The other defenses need not be considered.

For the reasons assigned the judgment appealed from is affirmed.