FOURNET, Justice.
 

 The succession of John S. Waterman, Sr., was opened to probate in the civil district court for the parish of' Orleans and his will,
 
 dated April 5, 1933,
 
 was filed and execution thereof ordered, whicli will contained the following pertinent provisions:
 

 i “I declare that my deceased son, William Waterman, has received from me during his lifetime the following property which I order those coming to his succession to collate for the reason that same was
 
 not
 
 advanced to him as an advantage or extra portion over his co.-heirs, viz.:
 

 “1st. The one-half share, portion and interest in the business of J. S. Waterman & Co., given to the said William Waterman by me in 1916, and which one-half at that time was truly worth the sum of One Hundred Fifty Thousand Dollars ($150,000);
 

 “2nd. The sum of Five Thousand Dollars ($5000.00) given to the said William Waterman by me and represented by a check payable to my order, for sale of stock in Consumers’ Biscuit Co., which I endorsed over to him.
 

 “3rd. The sum of Thirteen Thousand Three Hundred Dollars ($13,300.00), being 133 shares of the par value of $100.00 each of J. S. Waterman & Co., Inc., stock given to the said William Waterman by me in 1921.
 

 “4th. The sum of Forty Thousand Dollars ($40,000.00) being 400 shares of the par value of $100.00 each of J. S. Waterman & Co., Inc., given to the said William Waterman by me as will be shown by the Transfer JRecord of the Stock Book of J. S. Waterman & Co.”
 

 On November 9, 1934, the executor filed the first provisional account which was opposed by Mrs. Georgiana Prados, surviving spouse in community of John S. Waterman, Sr., Mrs. Lottie Waterman Hillyer and Walter Flower Waterman, children of the decedent. The grounds of said opposition applicable to this case are as follows:
 

 “The said account is not full and complete and such as is required by law, more particularly in that:
 

 “(a) It does not set forth the assets and liabilities of the succession;
 

 “(b) It fails to show that there is due by the heirs of William Waterman a sum in excess of two hundred eight
 
 *1009
 
 thousand three hundred dollars ($208,-300.00).”
 

 To this opposition of the widow of John S. Waterman, Sy., and his two children, relatrix, Mrs. William Waterman, answered denying that the estate of William Waterman was indebted unto the estate of his father in the sum of $208,300. Further answering, she declared that, if this sum referred to or involved in any manner or form the ownership of 1,127 shares of the capital stock of J. S. Waterman & Co., Inc., that question could not be gone into by the Court for the following reasons:
 

 (1) That the Supreme Court of Louisiana had already passed upon the ownership of that stock and declared her, Mrs. William Waterman, to be the true and only owner thereof; that, therefore,
 
 said parties were estopped from attacking her ownership by reason of a decision of the Supreme Court of Louisiana which constituted res adjudicata.
 
 (Italics ours.)
 

 (2) That said claims were prescribed.
 

 The trial judge overruled the pleas of res adjudicata and prescription. The matter is now before us for review on writs granted by this court upon the application of relatrix, acting individually, and as natural tutrix of her minor children, issue of her marriage with the late William Waterman, predeceased son of the de cujus.
 

 It is contended by counsel for relatrix that this ruling will have the effect of reopening the question of the ownership of 1,127 shares of the capital stock of J. S. Waterman & Co., Inc. But counsel for respondents contend that the plea of res adjudicata filed by relatrix is not well founded, for the reason that the case of State ex rel. Waterman v. J. S. Waterman & Co., Inc., 178 La. 340, 151 So. 422, decided only that issue and the matter now in controversy is purely a question of collation for debts due by the heirs of a predeceased son, William Waterman, to the succession of the father.
 

 In the opinion rendered on October 30, 1933, in the case of State ex rel. Waterman v. J. S. Waterman & Co., Inc., supra, we said:
 

 “Our ruling in the present case, that William Waterman acquired a valid title for the shares of stock [1127] which were alloted to him in the act of incorporation in exchange for his half interest in the partnership of J. S. Waterman & Co., is founded upon our opinion that the contract of copartnership was not a donation, or governed by the laws prescribing the form for donations, and therefore that William Waterman had a valid title to his interest in the partnership.” 178 La. 340, page 426, 151 So. 422, 426.
 

 In reviewing the opinion it appears that John S. Waterman, Sr., intervened in the proceedings but died during the pendency of the suit before this court, and his executor became a party thereto as appellant.
 

 Matters once determined by a court of competent jurisdiction, if the
 
 *1011
 
 judgment has become final, can. never be called in question by the parties or their privies. McNeely v. Hyde, 46 La. Ann. 1083, 15 So. 167. But the authority of the thing adjudged must be tested by the requisites of article 2286 of the Revised Civil Code. Semple v. Scarborough, 44 La.Ann. 257, 10 So. 860.
 

 Article 2286 provides:
 

 “The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.”
 

 See, also, Roussel v. Railways Realty Co., 165 La. 536, 115 So. 742; Succession of Williams, 168 La. 1, 121 So. 171; Nelson v. York, 171 La. 979, 132 So. 652.
 

 The cause of action of forced heirs for the establishment of their légitime and for collation do not arise until after the ancestor’s death, and there is no possible relief available to them during the lifetime of the ancestor to nullify, control, or regulate the transactions that he may choose to enter into with any one of his children. Maxwell v. Maxwell, 180 La. 35, 156 So. 166; Guidry v. Caire, 181 La. 895, 160 So. 622.
 

 The cause of action in the instant case is not one of ownership of the stock in question, but one of collation and falls within the provisions of article 1248 of the Revised Civil Code, which reads as follows:
 

 “The advantages which a father bestows upon his son, though in any other manner than by donation or legacy, is likewise subject to collation.
 
 Thus, zvhen a father has sold a thing to his son at a very low price, or has paid for him the price of some purchase, or has spent money to improve his son’s estate, all that is subject to collation.”
 
 (Italics ours.)
 

 Thus it may be seen that the thing demanded in. the case at bar is not the same as that which was adjudged in the case of State ex rel. Waterman v. J. S. Waterman & Co., Inc., supra, nor is it founded upon the same cause of action which is required by article 2286 of the Code, and therefore cannot be pleaded as res adjudicata.
 

 Under the provisions of article 1240 of the Revised Civil Code, the alleged obligation of collation rests upon relatrix’ children, being in the succession of their grandfather by right of representation. Succession of Desforges, 135 La. 49, 64 So. 978, 52 L.R.A.(N.S.) 689.
 

 We are therefore of the opinion that the ruling of the district judge is correct that the litigation between the de cujus and the children of his predeceased son over the title to and ownership of 1,127 shares of the capital stock of J. S. Waterman & Co., Inc., to which respondents had no interest at the time and could have asserted none, did not con-
 
 *1013
 
 elude respondents’ demands for their légitime and their right to collation.
 

 On the question of prescription, the record does not indicate the prescription relied upon by relatrix. Suffice it to say, however, that the plea of prescription is not well founded, for the only prescription applicable is that of five years, under the provisions of article 3542 of the Revised Civil Code, and that period of time has not elapsed.
 

 For the reasons assigned, the writs issued herein are recalled and the application of relatrix denied, at her costs.