In this case, in our opinion, the lower court has correctly stated the issues involved and has determined them in accordance with the law of this State. Its opinion is as follows:
"On January 20, 1939, an automobile accident occurred on the Shreveport-Rodessa Highway between automobiles operated by an employee of the Compania Rosita, a Mexican corporation, and one J.T. Oglesby. The St. Paul Fire Marine Insurance Company paid the Compania Rosita on February 17, 1939, the sum of $911.47, being the amount of damage sustained in the accident. This payment was made under the terms of a collision insurance policy issued by plaintiff to the Compania Rosita.
"Mr. J.T. Oglesby was insured by a public liability insurance policy with the Standard Casualty Surety Company. On February 14, 1940, suit was instituted by the St. Paul Company against Oglesby's insurer to recover the amount paid by them to the Compania Rosita. The plaintiff alleged that the accident was caused by the negligence of the defendant's assured, J.T. Oglesby.
"The defendant has filed a plea of prescription of one year, since the present suit was filed more than one year after the accident. It is the contention of the plaintiff that the prescription of ten years is applicable to this case since this is a suit for indemnification based on a quasi or implied contract, or that if the one year prescription is applicable, it did not begin to run until payment by the plaintiff on February 17, 1940.
"The plaintiff relies on the cases of, — Appalachian Corporation v. Brooklyn Cooperage Company, 151 La. 41, 91 So. 539; South Arkansas Lumber Company v. Tremont Lumber Company, 146 La. [61], 66, 83 So. 378; and Foster Glassell Company v. Knight Bros., 152 La. 596, 93 So. 913; as sustaining its contention that the claim is based on quasi or implied contract and therefore prescribed by the lapse of ten years from the time the cause of action arose. These decisions are not apposite to the case now presented.
"In Appalachian Corporation v. Brooklyn Cooperage Company, supra, the suit was to recover the amount of a judgment paid by the plaintiff to a Mr. Lincoln. Lincoln's suit was the result of injuries sustained in a building owned by the Appalachian Corporation, which had been purchased by them just a day or so before the accident from the Brooklyn Cooperage *Page 465 
Company. It was shown that the plaintiff was only technically at fault as a result of their ownership of the premises and that the negligence of the former owner, the Brooklyn Cooperage Company, was the primary cause of the accident. The Court held in that case that where the parties bore the relation of joint tort-feasors and only one was primarily liable, that the other, who was only technically guilty of negligence, could recover as under an implied or quasi contract, the amount paid to the injured party. This was recognized as an exception to the rule denying the right to contribution between joint tort-feasors. In overruling the plea of prescription of one year and holding that the suit was on an implied or quasi contract, the Court said: `As the right to enforce contribution is not complete and enforceable until payment or discharge in whole or in part of the commonobligation, the statute of limitations does not begin to run against a claim for contribution until plaintiff has dischargedthe common debt.' [151 La. 41, 91 So. 543.] (Italics ours.)
"In the case before the court, there is no relation between the two insurance companies of statutory liability as existed between the Appalachian Corporation and the Brooklyn Cooperage Company. In the cited case both parties were liable to the injured party under the law, and as the Court said, a common debt existed. The true rule, as we understand the cited case, is that a tort-feasor who is only technically liable and who makes payment to the injured party has a right and cause of action against the tort-feasor whose negligence is the principal cause of the injury for contribution, which right is based on quasi or implied contract.
"It could not be said that a common obligation or common debt existed between the plaintiff and the defendant in this case as the result of the accident. Until payment by the plaintiff under his policy, there were no rights or obligations as between these parties. If by paying under the terms of its policy the plaintiff became subrogated to the rights of the injured party against a tort-feasor, it must thereby assume the obligation and restrictions imposed on the subrogor. One of these restrictions or limitations imposed by law was the obligation to institute suit within one year from the date of the alleged accident.
"The case of South Arkansas Lumber Company v. Tremont Lumber Company, supra, involved such different facts from this one that we shall not review them. The following paragraph from that decision distinguishes the case from the one under consideration [146 La. 61, 83 So. 380.] `Moreover, even if the prescription ran from the date of the taking of the timber, it could not thus begin to run against the present plaintiff only from the time knowledge of such taking reached the present plaintiff, and we gather from the record that this did not happen until the time of, or shortly before, the filing of the suit of the Louisiana Stave Company on October 9, 1907, and the citation of the present defendant in warranty in that suit was served within a year thereafter, on July 15, 1908. This citation in warranty, involving, as defendant alleges in the exception of res judicata, and as for all practical purposes it in fact did, the same demand as the present suit, interrupted the prescription; and this interruption continued as long as the suit lasted. (Turner v. McMain, 29 La.Ann. 298) * * *.'
"In Foster Glassell Company v. Knight Brothers, supra, an employee of the plaintiff was injured as a result of the negligence of the defendant. The plaintiff was subsequently compelled to pay his employee compensation under the Workmen's Compensation Law (Act No. 20 of 1914) by a judgment of Court. Suit was then filed by the employer against Knight Brothers, whose negligence caused the injury to the employee. A plea of prescription of one year was overruled by the Court on the authority of the Appalachian Corporation v. Brooklyn Cooperage Company, supra, and the provisions of Section 7 of Act 20 of 1914, as amended. (Workmen's Compensation Law.)
"Under this statute, the employer, as well as the tort-feasor, became liable for the injuries to an employee caused by the negligence of the third person. Therefore, when Foster Glassell Company, who were only technically liable, were forced to pay compensation because of the fault of the defendant, they were held to be entitled to indemnity or contribution. This right being based on quasi or implied contract, the plea of prescription of one year was overruled.
"As a general rule, there is no right of contribution between joint tort-feasors. An exception is recognized where the liability is only technical as to one of them, who is forced to pay the injured party and *Page 466 
the law recognizes the equitable right of contribution based on an implied or quasi contract.
"At the time of the accident alleged in the case now before the Court, there was only one tort-feasor. There was no statutory or legal liability resulting from the accident except that of J.T. Oglesby. The St. Paul Fire Marine Insurance Company never occupied the position as a joint obligor or joint tort-feasor with J.T. Oglesby. In the cited cases both parties were by statute made responsible for the injury.
"There was never created, nor did there ever exist a common debt between the two insurance companies to the Compania Rosita. The obligation of the defendant company and J.T. Oglesby was purely statutory, while that of the plaintiff to Compania Rosita was conventional. The only rights of the plaintiff are those of Compania Rosita, which necessarily carry the same limitations.
"In the case of London Guarantee Accident Insurance Company v. Vicksburg, S. P.R. Company, 153 La. 287, 95 So. 771 [772], the Insurance Company paid $515, being compensation due an employee of Arnold Construction Company, the insured. Suit was brought by the Insurance Company against the defendant, alleging that the injury was caused by the negligence of the railroad company. In sustaining the right of the Insurance Company to sue for the amount thus paid, the Court said: `Our ruling is that the plaintiff here has no right of action against the railroad company except for reimbursement of the amount actually paid by the plaintiff to the injured employee of the construction company. To that extent plaintiff's right depends uponwhether the injected employee could have recovered damages fromthe railroad company, if he had sued the railroad company.'
(Italics ours.)
"This statement, we think, is squarely applicable in the present case. The right of St. Paul Fire Marine Insurance Company to recover depends on whether the Compania Rosita could have maintained this suit, and unquestionably the plea of prescription would have been good if they were the plaintiff.
"The plaintiff next contends that even if the prescription of one year is applicable, it did not begin to run against it until payment on February 17, 1939. It is true that the right of action did not accrue until the date of payment, but nevertheless, the cause of action arose on January 20, 1939, which is the date when the prescriptive period begin to run. No delay in complying with their conventional obligation to the insured could suspend or interrupt the running of the prescriptive period of one year.
"For the reasons assigned, there should be judgment sustaining the plea of prescription of one year filed by defendant and dismissing the suit of plaintiff, at its cost."
It therefore follows that the judgment of the lower court is affirmed, with costs.