grounds, without claiming reimbursement from plaintiff.

The district judge did not pass upon the question of buyer's commissions. But our conclusion is that defendants agreed to pay them to plaintiff. Otherwise we see no reason why defendants should have furnished plaintiff with an account of said commissions (amounting to $1,100, Tr. 21) and an account of the costs which they claimed a right to charge against it.

It is true that in the end, after first refusing to do so, defendants finally offered, as a compromise, to pay practically the whole of the attorneys' fees of $600, but they never did offer to pay, and always refused to pay, the 40 per cent. of the buyer's commission.

Our conclusion agrees with that of the district judge, that plaintiff is entitled to possession of the leased premises.

Decree.

The judgment appealed from is therefore affirmed.

(129 So. 677)

### WHITBECK v. WHITBECK.

No. 30512.

June 2, 1930.

Rehearing Denied July 2, 1930.

See, also, 170 La. 418, 127 So. 888.

Foster, Hall, Barret & Smith, of Shreveport, for appellant.

Cook & Cook, of Shreveport, for appellee.

### O'NIELL, C. J.

The defendant has appealed from a decree of separation from bed and board, granted on the ground of cruel treatment. He assigns as errors, first, that his wife was not authorized by the judge to bring the suit, and, second, that the evidence in the record does not warrant a decree of separation from bed and board.

According to Act No. 132 of 1926, p. 207, it is not necessary for a married woman to be authorized by her husband or by the judge to file or prosecute or defend a lawsuit. Counsel for appellant contend that the statute does not apply to a suit for divorce or for separation from bed and board, because article 105 of the Code of Practice provides that a woman cannot sue for a divorce or for sep-

aration from bed and board without being authorized by the judge, and the Fourth section of the act of 1926 declares that nothing in the act shall be construed as affecting the statutes establishing and regulating the matrimonial community and prescribing what shall be deemed the separate property of either spouse. The requirement of article 105 of the Code of Practice, that a woman had to be authorized by the judge in order to sue for a divorce or for separation from bed and board, was not a statute establishing or regulating the matrimonial community, or prescribing what should be deemed the separate property of either spouse. The article, therefore, has been superseded by Act No. 132 of 1926, in so far as the article required a married woman to be authorized by the judge in order to sue for a divorce or for separation from bed and board. Aside from the dispensation in the act of 1926, there would be no merit in the appellant's complaint in this case that his wife was not authorized by the judge to bring the suit, because the judge signed an order, attached to the petition, before the petition was filed, and in response to a prayer of the petition, giving the plaintiff the custody of her child during the pendency of the suit, which, in effect, would have been ample authority, when such authority was needed, to prosecute the suit.

As to the sufficiency of the evidence to sustain the decree, it consists only of the testimony of the plaintiff and of one other witness, who corroborated her testimony to some extent. No evidence was offered on behalf of the defendant. The acts of cruelty complained of were not as bad as they appear in most of the cases justifying a separation from bed and board, but were bad enough to justify the plaintiff's refusal to continue to tolerate them.

▪ Plaintiff claimed the right to have the care and custody of her minor child, Campbell W. Whitbeck, in her petition for the separation from bed and board; but no reference to the child was made in the final decree of the court. Plaintiff, therefore, filed an answer to this appeal, in which she prays for an amendment of the judgment so as to give her the care and custody of the child. It is said in her brief that the failure to give her the care and custody of the child, in the court's decree, was unintentional. Whether the omission was intentional or unintentional is a matter of no importance. As the successful litigant, the plaintiff is entitled to have the care and custody of the child. Article 157 of the Civil Code declares that, in cases of separation from bed and board, the children shall be placed under the care of the party obtaining the decree of separation, unless there is some reason of advantage to the children why some or all of them should be intrusted to the care of the other parent. As there was no evidence offered on that subject in this case, the child should have been intrusted to the care of the plaintiff.

The judgment is amended so as to give the plaintiff the care and custody of her child, Campbell W. Whitbeck, and, as amended, the judgment is affirmed, at defendant's cost.