(134 So. 255)

**WHITBECK v. HUGHES et al.**

No. 30660.

March 30, 1931.

Rehearing Denied April 27, 1931.

Foster, Hall, Barret & Smith, of Shreveport, for appellant.

Cook & Cook, of Shreveport, for appellee Mrs. May B. Whitbeck.

## ST. PAUL, J.

This is an action to annul and set aside the same judgment which was affirmed on appeal by this court in Whitbeck v. Whitbeck, 171 La. 83, 129 So. 677.

■ The alleged ground of nullity is that at the time plaintiff here (defendant in that case) was cited in said cause, and at the time the judgment was rendered against him therein, he was temporarily deranged.

The evidence does not support the charge. It shows that his wife was in fear of him and called upon the sheriff to remove from the common residence a pistol which she feared he might use upon her, but the sheriff was unwilling to take upon himself the responsibility of doing so. Thereupon she applied to the coroner to place him under temporary surveillance as to his mental condition; which the coroner did. But the observation of the coroner resulted in the conclusion that plaintiff was not mentally deranged, but only in a highly nervous state, the result of his having suffered shell shock during the war.

And he was sent to Washington for treatment in a veterans' hospital. He was there restored to normal, and then returned to Shreveport and filed this suit.

He was cited whilst still held for observation by the coroner, but was released the next day. He thereupon employed an attorney to file an answer in the suit, which he did. But before the trial thereof he employed another attorney to appear at the trial, who did so. But it seems that he instructed the latter to make no defense to the suit, and apparently none was made.

The trial judge, who heard the evidence herein, found that the plaintiff was not suffering from any mental abberration at the time. And our own reading of the evidence satisfies us that his finding was correct.

■ It is urged that plaintiff was coerced into consenting to the judgment of separation, by the fear under which he was put, of being interdicted or at least confined for his mental condition. But at the time he filed his answer, and when the suit went to judgment, he was (as we have said) already released from observation and under no restraint whatever, save and except that he was under promise to go to Washington and be treated for his nervous condition. He certainly was free to consult, and did consult, two different attorneys about the case; and hence was under no coercion whatsoever as to the course he should take in the matter of defending himself in the divorce suit.

The trial judge declined to annul the judgment, and we think his ruling was correct.

### Decree

The judgment appealed from is therefore affirmed.