141 So. 871

## WITBECK v. WITBECK.

No. 30993.

April 25, 1932.

Cook & Cook, of Shreveport, for appellant.

Foster, Hall, Barret & Smith and W. H. Scheen, all of Shreveport, for appellee.

BRUNOT, J.

The plaintiff and defendant were married some time prior to 1929. During that year the plaintiff obtained a judgment against her husband decreeing a separation from bed and board, a dissolution and partition of the community of acquets and gains existing between them, and awarding the plaintiff the custody of a minor child, the issue of the marriage.

This suit is based upon the judgment of separation, and is for an absolute divorce. The defendant excepted to the suit upon the ground that the petition does not allege a cause of action. After a hearing thereon, the defendant's exception was maintained, the suit was dismissed, and the plaintiff appealed from the judgment.

The appellee has not answered the appeal nor made an appearance in this court, but the appellant has filed in the record, and has had the case submitted upon the following formal acquiescence in the judgment appealed from, viz.:

"Now into court, through undersigned counsel, comes Mrs. May B. Witbeck, plaintiff, appellant, and respectfully shows:

"That she concurs in the judgment rendered herein by the First Judicial District Court of Caddo Parish, Louisiana, and that she desires that a judgment of affirmance be entered against her, and that the costs of the appeal be taxed against her. Wherefore, she prays that the judgment of the Lower Court be affirmed, at her cost."

It appears that the appellee was served with a copy of the foregoing acquiescence in the judgment, was given timely notice of the assignment of the case, and has made no objection to the proposed disposal of it.

This is not an application for the withdrawal of an appeal, but one in which the appellant submits the case on the record, and prays for an affirmance of the judgment. Code Prac. art. 901, does not apply to such a case.

For the foregoing reasons, the judgment appealed from is affirmed, at appellant's cost.