OVERTON, J.
 

 This is an appeal from a judgment, granting plaintiff an absolute divorce. The cause of action shown is that plaintiff obtained a decree, granting her a separation from bed and board, on the ground of cruelty. This decree, it is alleged and shown, was affirmed by this court and became final on July 2, 1930, in the appeal entitled Whitbeck v. Whitbeck, 171 La. 83, 129 So. 677. It is alleged in connection with the allegation, showing the decree of separation, that, although more than one year has expired since the rendition of the decree by this court, no reconciliation has been effected between the spouses.
 

 Prior to the present suit for absolute divorce, and more than a year after the rendition by the district court of the decree of the separation from bed and board, but while the appeal from that decree was pending in this court, plaintiff filed a suit for absolute divorce, based upon the decree of separation, rendered by the district court, and upon the fact that no reconciliation had been effected since its rendition, although more than a year had elapsed since then. Tó this prior suit, defendant filed an exception of no cause of action, which was sustained by the district judge. This judgment was appealed by plaintiff to this court. The day prior to the institution of the present suit, plaintiff filed in this court a motion acquiescing in the judgment of the district court, sustaining that exception. This court rendered judgment, on April 25, 1932, affirming, in view of the acquiescence, the
 
 *625
 
 judgment of the district court, in that case. Witbeck v. Witbeck, 174 La. 899, 141 So. 871.
 

 The present suit was filed on July 7, 1931 —one day after the filing of the motion of acquiescence in this court, though some time prior to the rendition of judgment on appeal, affirming the judgment, sustaining the exception of no cause of action. The time at which the present suit was filed, notwithstanding the prior filing of the motion of acquiescence in the first suit for divorce, caused defendant to file a plea of lis pendens, in the present suit, based upon the pendency of the appeal, in the first suit for divorce, and also a plea of res judicata, based upon the judgment in that suit. Defendant also filed, in the present suit, a plea of prematurity. This plea rests upon the ground that plaintiff, by her action in obtaining an injunction, restraining defendant from accosting her on the streets, from trying to telephone her, from writing her, from sending her presents of any kind, from going upon or about the premises where she resides, and, in general, from intruding upon her, has made it impossible for him to effect a reconciliation with her, and that therefore the running of the twelve months’ period, between the rendition of the judgment of separation from bed and board and the institution of the suit for divorce, prescribed by law in the hope that a reconciliation may be effected, did not run, but was, in effect, destroyed by plaintiff’s injunction. .
 

 Act No. 25 of 1S98 provides that one year must expire from the granting of the separation from bed and board, without any reconciliation having been effected, before a divorce, resting upon the decree of separation, may be granted. The decree of separation was affirmed by this court on June 2, 1930, and became final, by the refusal of a rehearing, on July 2, 1930. The present Suit was filed on -July 7, 1931. Hence, it is apparent that a year elapsed between the final granting of the separation and the filing of the suit for divorce. No reconciliation has occurred since the granting of the separation. Therefore, plaintiff is clearly entitled to judgment unless the plea of prematurity, or the plea of lis pendens, or the plea of res adjudicata, is well grounded.
 

 The plea of prematurity is not well founded. The fact that plaintiff obtained an injunction, the effect of which was to make it practically impossible for defendant to persuade plaintiff to become reconciled to him, has no material bearing on the case, for all that the law requires is that the year elapse without a reconciliation being effected. The law does not force upon either spouse, as a condition for obtaining a divorce, that he or she, during the period of delay, should receive the friendly advances of the other. Either spouse, so far as concerns the law, may elect not to become reconciled to the other. It suffices that there was po reconciliation, because one or both of the parties did not care to become reconciled. Therefore, the plea of prematurity was properly overruled.
 

 The pleas of lis pendens and of res judicata are, in our opinion, no better grounded than is the plea of prematurity. Considering the plea of lis pendens, which is controlled by article 94 of the Code of Practice, as amended and re-enacted by Act No. 62 of 1918, it is true that, when the present
 
 *627
 
 suit was filed, judgment bad not been rendered in plaintiff’s appeal from tbe judgment sustaining the exception of no cause of action in tbe first suit for divorce, but it is likewise true that, at that time, there was no longer any issue pending in tbe first suit for divorce, and all that remained to be done in that case was for tbe court to perform tbe perfunctory duty of affirming tbe judgment, in view of tbe appellant’s confessed acquiescence in the judgment of tbe trial court. For this reason, the plea of lis pendens was properly overruled. As to tbe plea of res judicata, which rests upon tbe judgment in the first suit for divorce, sustaining tbe exception of no cause of action, tbe plea should be held to have been properly overruled, because tbe allegations of tbe two suits are different in a vital' respect. Tbe first suit for divorce does not show tbe disposition of tbe appeal, which tbe trial court knew judicially bad been taken from tbe judgment of separation from bed and board. In fact, tbe judgment on appeal, though it bad been rendered, bad not become final, when tbe first suit for a divorce was filed. Tbe present suit, filed over a year later, shows tbe final disposition of that appeal, and that it was disposed of more than a year before tbe filing of tbe suit. The first suit was dismissed by tbe trial court apparently on tbe authority of Hill v. Hill, 114 La. 117, 38 So. 77, bolding that, where a suspensive appeal is taken from a judgment of separation, tbe twelve months’ period begins to run from the time tbe judgment rendered on appeal becomes final. Under tbe cause of action set forth in tbe present casé that delay bad expired when this suit was filed. Tbe cause of action in the first suit is not identical with that in the present suit. In tbe first suit there was no cause of action shown, or then existing. In this suit a cause of action is shown and exists.
 

 Tbe. judgment is affirmed.