(38 South. 77.)

No. 15,440.

HILL v. HILL.

(Feb. 13, 1905.)

### DIVORCE—PREMATURE ACTION.

A suit for a divorce based on a judgment of separation from bed and board is premature, when instituted within less than one year from the date of the finality of the judgment of the Supreme Court affirming the judgment of the court below, from which a suspensive appeal had been taken. Civ. Code, art. 139, contemplates a judgment, final and executory, between the parties. See, also, Act No. 25, p. 35, of 1898.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; John St. Paul, Judge.

Action by Lilian Hill against A. M. Hill. Judgment for plaintiff, and defendant appeals. Reversed.

See 112 La. 770, 36 South. 678.

Dinkelspiel & Hart, for appellant. William Stirling Parkerson, for appellee.

LAND, J. In March, 1903, the plaintiff obtained a judgment of separation from bed and board against the defendant. This judgment was signed on March 26, 1903. Defendant appealed, and the judgment was affirmed by this court in April, 1904.

After the judgment of this court became final, plaintiff, on May 18, 1904, instituted the present suit for an absolute divorce. From a judgment of divorce in her favor, and allowing alimony at the rate of $150 per month until such time as the same may become unnecessary, the defendant has appealed.

As to the divorce, defendant contends that plaintiff's suit was premature; having been brought within a few days after the finality of the judgment on appeal, in contravention of the provisions of article 139 of the Civil Code, to the effect that, except in certain cases, no divorce shall be granted unless a judgment of separation from bed and board shall have been rendered between the parties, and one year shall have expired from the date of the judgment of separation from bed and board, and no reconciliation has taken place.

As more than a year had elapsed from the date of the judgment of the district court decreeing such separation, the question is whether the year commenced to run from such date, or from the date of the finality of the judgment of the Supreme Court affirming the decree of the court of the first instance.

Act No. 25, p. 35, of 1898, "relative to the granting of divorce in favor of married persons against whom a judgment of separation from bed and board has been rendered," gives such persons the right to apply for and obtain a divorce "at the expiration of two years from the date the said judgment has become final." The act also provides that the married person who has obtained the judgment of separation "may at the expiration of one year from the date that said judgment shall have become final, apply to and obtain from the court * * * a judgment of final divorce from the other spouse."

This act substitutes for the date of the judgment the date of its finality.

In construing the article of the Code and the act of 1898, it is to be considered that the law provides for an appeal in such cases to the Supreme Court, and that a suspensive appeal stays execution and all further proceedings. Code Prac. art. 575.

Pending such an appeal the judgment remains in abeyance, and is not executory.

It may be reversed on appeal, and thereby cease to exist. Hence, if article 139 of the Civil Code refers to a judgment from which a suspensive appeal has been taken, it might well happen that a suit for a divorce, dependent on such judgment of separation, might be pending at the same time, with the possibility that a judgment of divorce might be obtained, and the judgment of separation subsequently reversed. We do not think that the law should be so construed as to render

such an anomalous result possible. The article of the Code refers to a judgment which is a finality between the parties, either because no appeal has been taken within the legal delays, or because the judgment has been affirmed or has been rendered on appeal. Under this view, the period of one year begins to run from the finality of the judgment as prescribed by Act No. 25, p. 35, of 1898.

A judgment suspended by an appeal cannot form the basis of another suit pending such appeal. Were such a judgment sued on, the defendant might well plead that the matter was lis pendens, and could not form the basis of another and definitive judgment. Article 139 of the Civil Code assumes that the judgment of separation from bed and board is a finality and executory, and provides that no divorce shall be granted until one year shall have expired from the date of such judgment, and no reconciliation has taken place.

If the judgment of separation must be a finality between the parties, it follows that the year for reconciliation necessarily runs from the date of its finality.

It is therefore ordered, adjudged, and decreed that the judgment of divorce appealed from may be annulled, avoided, and reversed, and that plaintiff's suit be dismissed as in case of nonsuit; plaintiff to pay costs in both courts.