## DAUTERIVE v. STERNFELS.
### No. 1563.

Court of Appeal of Louisiana.  First Circuit.
Dec. 31, 1935.

For former opinion, see 164 So. 349.

Talbot, Menuet & LeBlanc, of Napoleonville, for appellant.

Chas. T. Wortham, of Donaldsonville, and Weeks & Weeks, of Iberia, for appellee.

CAILLOUET, Judge ad hoc.

Further examination and consideration of the articles of the Code and the several cases referred to and discussed in the application for rehearing, justify the judgment of this court, we believe.

The case of Hill v. Hill, 115 La. 489, 497, 39 So. 503, now strongly relied on by the applicant's counsel, however, was not previously noted and studied, but an analysis of this case makes assurance doubly sure that the judgment in question is well founded in law.

Hill v. Hill first went up to the Supreme Court in 1904.  112 La. 770, 36 So. 678.  The wife had sued for a separation from bed and board.  Her petition included an application for injunction prohibiting the husband from disposing of any of the immovables of the community, and also prayed for alimony pendente lite.  The suit was filed October 24, 1902.  The district court rendered judgment in favor of the plaintiff wife "decreeing a separation from bed and board and of property * * * and perpetuating the injunction which had issued."  On appeal the Supreme Court affirmed this judgment.

Hill v. Hill was next up before the Supreme Court in 1905.  114 La. 117, 38 So. 77.  The judgment of separation aforementioned had been rendered and signed in March, 1903.  It was signed on March 26, 1903.  On appeal, it was affirmed in April, 1904.  After this judgment of affirmance became final, Mrs. Hill, on May 18, 1904, instituted suit for absolute divorce under Act No. 25 of 1898, granting to the successful party the right to apply for and obtain a judgment of absolute divorce against the spouse from whom separation from bed and board has been decreed, "at the expiration of one year from the date that the said judgment shall have become final."  The defendant husband contended that this suit for absolute divorce was premature because one year had not elapsed since the judgment of separation had become final.  The district court granted the sought-for judgment of absolute divorce, and allowed alimony at the rate of $150 per month "until such time as the same may become unnecessary."  This award plainly was under the provisions of article 160, R.C.C., and not under article 148, R.C.C.  The defendant husband appealed.  The Supreme Court, holding that the year ran from the finality of the judgment of the Supreme Court affirming the decree of separation, and not from the date of decree of the lower court, annulled, avoided, and reversed the judgment of absolute divorce appealed from, as in case of nonsuit.  So then, the situation between the parties was this, and nothing else, viz., the wife had obtained a judgment of separation from bed and board from her said husband, with an injunction directed against his disposal of any of the immovable property belonging to the community at the time of the filing of her suit for separation from bed and board on October 24, 1902.  This injunction he had bonded by furnishing bond in the sum of $200,000 (see 115 La. 489, at page 493, 39 So. 503).

On the same May 18, 1904, that Mrs. Hill had instituted her suit for absolute divorce, favorable judgment in which was reversed by the Supreme Court on February 13, 1905, she had also instituted an action "for the purpose of ascertaining what property belonged to the community and of having the same sold to effect a partition between the parties," to quote from the opinion of the Supreme Court to which this particular case was also appealed, the decision affirming the judgment of the lower court, as amended, having been rendered on June 5, 1905, and being the Hill v. Hill, 115 La. 490, 39 So. 503, referred to and depended upon by counsel in his application for rehearing herein.

A reading of the reported decision in 115 La. 489, 39 So. 503, readily ex-

plains just why "the assets were at" the husband's "free disposal, unless there was an injunction" as counsel puts it, paragraph 4, third page of the application for rehearing. The injunction previously in existence had been dissolved by consent of the parties under their agreement of settlement of the community as of date October 24, 1902, the date upon which the wife's suit for separation from bed and board had been filed, and the husband was charged with having in his possession (and as being accountable to his wife for the half thereof) all of the property listed on the inventories previously taken, and all such further property not therein listed but reported by the appointed expert to have truly belonged to the community, etc.

The Supreme Court said (115 La. 489, 497, 39 So. 503) that certainly the husband upon the dissolution, by consent, of the injunction had the free disposal of the assets of the former community, since he was charged with the full amount of the value thereof, subject to credit for such debts and charges existing against the community on October 24, 1902, the date upon which the wife had filed her suit for separation from bed and board; and, because such was the case, the wife was entitled to receive one-half of the net value of the community, with interest thereon from May 20, 1904, the date upon which such dissolution of injunction was so effected by consent. As a matter of fact, the Supreme Court thereby amended the judgment of the district court which had allowed interest, but only from the date of judgment. On application for rehearing, the lower court's finding on this particular point was reinstated, and interest was allowed only from date of judgment, because, so said the Supreme Court, plaintiff had neither alleged that interest was due, nor prayed for its allowance.

Referring to this report of the Hill v. Hill Case, 115 La. page 492, 39 So. page 504, one sees that the Supreme Court there was of the mind that the dissolution (not the settlement, of course) of the community between the spouses took place, as a matter of law, on October 24, 1902, the date upon which Mrs. Hill filed suit for separation from bed and board.

It is true that the Supreme Court amended the judgment of the district court by charging against the wife's award the sum of $3,150 collected by her as alimony. This, however, does not lend strength to counsel's argument in support of his application for rehearing. The community was dissolved as of date October 24, 1902, the date upon which the wife filed her suit for separation from bed and board, and in the final settlement thereof, as of that date, it was established that the husband, who was at all times in possession of the assets, owed his wife, as the other party to the partition being effected, the cash sum of over $50,000, for which the district court subsequently gave judgment; and this judgment the Supreme Court amended by crediting thereagainst the sum of $3,150 paid out by the husband in alimony after the dissolution of the community on October 24, 1902, the date upon which the wife filed her suit for separation from bed and board and prayed for alimony.

For the foregoing reasons, the application for rehearing is hereby refused.