JASPER E. JONES, Judge.
Writs were granted in this divorce proceeding filed by the husband to review the trial court’s judgment overruling the wife’s exceptions of no cause of action and prematurity. We reverse.
The husband, Gilbert Hammons, instituted this divorce proceeding under LSA-R.S. 9:302 A which authorizes either spouse to *133 file for a divorce where there has been no reconciliation between the spouses for a period of six months or more from the date the judgment of separation was signed. In his petition, filed November 29, 1984, plaintiff alleged that he and defendant, Eileen Hammons, were separated by a judgment rendered May 29, 1984 and have lived separate and apart since that time without reconciliation.[1] Defendant filed exceptions of no cause of action and prematurity alleging that plaintiffs cause of action under R.S. 9:302 A did not accrue until November 30, 1984. She prayed that plaintiff’s suit be dismissed.
The trial judge found that since the word “month” is not defined by statute and since the number of days in a period measured by months would vary depending on the months involved, the six month period should be measured by days instead of calendar months. The judge calculated that one month equals V12 of a year or 30.41 days and six times that figure equals 182.-46 days which, when rounded off to the nearest whole day, equals 182 days. The judge concluded that plaintiffs cause of action had accrued since his petition was filed 184 days from the date the judgment of separation was signed and overruled the exceptions.
We disagree with the trial court’s finding that the six month waiting period is to be measured by days instead of calendar months. While the term “month” is not per se defined by statute, there are several Civil Code articles, past and present, which indicate that when a statutory waiting period is defined in terms of months, the legislature intends for the period to be measured in calendar months regardless of the number of days in the intervening months. One such article is LSA-C.C. art. 3455 dealing with prescriptive periods. It provides:
Art. 3455. Computation of time by months
If the prescriptive period consists of one or more months, prescription accrues upon the expiration of the day of the last month of the period that corresponds with the date of the commencement of prescription, and if there is no corresponding day, prescription accrues upon the expiration of the last day of the period.
Article 3455 was enacted by Acts 1982, No. 187 and became effective January 1, 1983. The comments under the article indicate that it is based on former LSA-C.C. art. 3468 and does not change the law. Former article 3468 clearly stated that prescriptive periods defined in terms of months are to be measured by calendar months. It provided:
Art. 3468. Computation of time by months
Art. 3468. In those prescriptions which are acquired by months, the months are reckoned in the order in which they occur in the calendar, from the day when the possession commenced, whatever may be the number of days which each month may contain.[2]
Another Civil Code article which clearly expressed the idea that “months” means calendar months is former LSA-C.C. art. 2060 dealing with terms expressed in contracts. It provided:
Art. 2060. Term in months
Art. 2060. Where the term referred to by the contract consists of one or more months, the parties, if they have not made any other explanation, shall be deemed to have meant months, in the order in which they stand in the calendar after the date of the obligation, and with the number of days such months respectively have.[3]
*134 Former article 2060 was deleted by the 1984 revision of Titles III and IV of Book III. The rule expressed therein is now contained in LSA-C.C. art. 1785 which provides that performance on terms must be in accordance with the intent of the parties or by established usage if that intent cannot be ascertained. The comments under article 1785 state that it does not change the law.
We conclude that for purposes of LSA-R.S. 9:302 A the legislature intended for the six month waiting period to be measured by calendar months and the trial court erred in holding to the contrary. In addition to the above cited Civil Code articles, we have considered the well established rule of statutory construction that the legislature is presumed to understand the meaning and effect of the words it used and intended to use those words. Clark v. Board of Com’rs, etc., 422 So.2d 247 (La.App. 4th Cir.1982). If the legislature had intended for the waiting period mandated by R.S. 9:302 A to be measured in terms of days, it would have so stated.[4]
Under the rule announced in LSA-C.C.P. art. 5059 the six month period began to run May 30, 1984 and it ended at midnight November 29, 1984.[5] At the time plaintiff filed suit his cause of action had not accrued and the suit should have been dismissed. Hill v. Hill, 114 La. 117, 38 So. 77 (1905); South Arkansas Lumber Co. v. Tremont Lumber Co., 146 La. 61, 83 So. 378 (1919); Saunders v. Saunders, 422 So.2d 245 (La.App. 4th Cir.1982).
The judgment of the trial court is REVERSED. The suit is dismissed at plaintiff’s cost.

. The petition for divorce alleged the judgment was “rendered May 29, 1984” and we assume it was signed on the date of rendition because neither of the litigants have contended it was not signed on the date it was rendered.

. For a literal interpretation of former article 3468 see Mangin v. Auter, 360 So.2d 577 (La.App. 4th Cir.1978).

. For a literal interpretation of former article 2060 (which at the time was LSA-C.C. art. 2055) see Wagner v. Kenner, 2 Rob. 120 (1842).

. There are many examples of statutorily established time periods expressed in terms of days. One such example is LSA-C.C. art. 185 which provides:
Art. 185. Presumption of paternity, date of birth
A child born less than three hundred days after the dissolution of the marriage is presumed to have been conceived during the marriage. A child bom three hundred days or more after the dissolution of the marriage is not presumed to be the child of the husband.

. Art. 5059. Computation of time
In computing a period of time allowed or prescribed by law or by order of court, the date
of the act, event, or default after which the period begins to run is not to be included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday.
A half-holiday is considered as a legal holiday. A legal holiday is to be included in the computation of a period of time allowed or prescribed, except when:
(1) It is expressly excluded;
(2) It would otherwise be the last day of the period; or
(3) The period is less than seven days.