FORET, Judge.
This is an election case. The plaintiff, Walter Jerro, Sr., brought this suit under LSA-R.S. 18:492(3) objecting to the candidacy of the defendant, Ellison J. Od’Neal, Jr., for the office of Mayor for the Town of Colfax, Louisiana. The plaintiff alleges that the defendant was not a qualified elector of the municipality at the time defendant filed for candidacy as required by LSA-R.S. 33:384.
After a. trial on the merits, the trial court found that the defendant was not a qualified elector of the Town of Colfax and disqualified the defendant as a candidate in the primary election for mayor. From this judgment, the defendant has perfected an appeal.
We need not address the merits of the trial court’s ruling, as we find, for different reasons, that the defendant did not meet the requirements of LSA-R.S. 33:384. We nóte at this point that the trial court, as well as the parties, failed to note that LSA-R.S. 33:384 had been amended by the 1985 Legislature and that all proceedings conducted in the court below were conducted under the prior law.[1]
LSA-R.S. 33:384, as amended by Acts 1985, No. 890, became effective January 1, 1986, and reads as follows:
§ 384. Qualifications of mayor
The mayor shall be an elector of the municipality who at the time of qualification as a candidate for the office of may- or shall have been domiciled for at least the immediately preceeding six months in the municipality.
According to the defendant’s own testimony, taken at best, shows that he began residing at 924 Ash Street, Colfax, Louisiana on August 1, 1985. Although an exact date is not shown in the record, we will assume that it began August 1, 1985, the most favorable position which the defendant by his own admission could ask for. The defendant filed his qualifying form for candidacy on January 30, 1986.
We hold that “six months” as set out in LSA-R.S. 33:384 means six consecutive calendar months, in the order in which they occur in the calendar, from the day when the defendant’s residence commenced, whatever may be the number of days which each month may contain. Hammons v. Hammons, 475 So.2d 132 (La.App. 2nd Cir.1985). Under this interpretation of months, the appellant did not fulfill the six months domicile requirement until after midnight, January 31,1986, and, therefore was not qualified under LSA-R.S. 33:384 on January 30, 1986, the date he filed.
For the foregoing reasons, we find that the defendant is disqualified as a candidate in the primary election for Mayor of the Town of Colfax, Louisiana. All costs of this appeal are taxed against the defendant-appellant.
AFFIRMED.

. LSA-R.S. 33:384. Qualifications of mayor
The mayor shall be a qualified elector of the municipality, and he must have been a resident of the parish for two years.